**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KAIYUN LIANG and XIAOHAO FANG,
individually and on behalf of all others similarly
situated,

Plaintiffs,

v.

USA QR CULTURE INDUSTRIAL
DEVELOPMENT LLC d/b/a HUTAOLI MUSIC
RESTAURANT & BAR, WEI YOU, and "JANE"
YOU,

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Case No.: _____

**29 U.S.C. § 216(b)**
**COLLECTIVE ACTION &**
**FED. R. CIV. P. 23**
**CLASS ACTION**

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiffs KAIYUN LIANG and XIAOHAO FANG (collectively "**Plaintiffs**"), on behalf of themselves and all others similarly situated, by and through their undersigned attorneys, hereby bring this action for damages and other legal and equitable relief against Defendants USA QR CULTURE INDUSTRIAL DEVELOPMENT LLC d/b/a HUTAOLI MUSIC RESTAURANT & BAR, WEI YOU, and "JANE" YOU, and allege as follows:

<u>INTRODUCTION</u>

1.      This is a putative collective and class action brought by Plaintiffs KAIYUN LIANG and XIAOHAO FANG, on behalf of themselves and other employees similarly situated, against Defendants for alleged violations of: the Fair Labor Standards Act ("**FLSA**"), 29 U.S.C. § 201 *et seq*.; New York Labor Law ("**NYLL**"); the New York Wage Theft Prevention Act ("**WTPA**"); New York Codes, Rules, and Regulations ("**NYCRR**") § 146-1.6, and any other cognizable cause of action established upon the facts alleged herein, arising from Defendants' various willful, malicious, and unlawful employment policies, patterns and practices.

2.      Upon information and belief, Defendants have willfully, maliciously, and intentionally committed widespread violations of the FLSA and NYLL by engaging in a pattern

and practice of failing to pay their employees, including Plaintiffs, minimum wage for each hour worked within the time limitations prescribed by the FLSA and NYLL.

3. Plaintiffs allege pursuant to the FLSA that they are entitled to recover from the Defendants: (a) unpaid minimum wages; (b) liquidated damages; (c) prejudgment and post-judgment interest; and (d) attorneys' fees and costs.

4. Plaintiffs further allege that pursuant to NYLL § 650 *et seq.* they are entitled to recover from the Defendants:

a. unpaid minimum wage compensation (for Plaintiffs KAIYUN LIANG and XIAOHAO FANG); up to five thousand dollars ($5,000.00) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday;

b. up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that accurately and truthfully lists employee's hours along with the employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day;

c. liquidated damages equal to the sum of unpaid minimum wages in the amount of twenty five percent (25%) under NYLL 190 *et seq.* and NYLL 650 *et seq.*, and one hundred percent (100%) under the New York Wage Theft Prevention Act;

d. nine percent (9%) simple prejudgment interest pursuant to the NYLL;

e. post-judgment interest;

f. attorneys' fees and costs; and

g. such other and further relief as the Court finds necessary and proper.

5.     Plaintiffs further allege that pursuant to NYCRR § 146-1.6 they are entitled to recover from the Defendants unpaid "spread of hours" pay, attorneys' fees and costs, and such other relief as the Court finds necessary and proper.

## JURISDICTION AND VENUE

6.     This Court has original federal question jurisdiction over this controversy under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, and has supplemental jurisdiction over the NYLL and WTPA claims pursuant to 28 U.S.C. § 1367(a), which confers supplemental jurisdiction over all non-federal claims arising from a common nucleus of operative facts such that they form part of the same case or controversy under Article III of the United States Constitution.

7.     Venue is proper in the Southern District of New York pursuant to 29 U.S.C. §§ 201 *et seq*., because this judicial district lies within the State in which the unlawful employment practices complained of herein occurred.  Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c), in that Defendant maintains facilities, conducts business, and resides in this District.

## THE PARTIES

### *Plaintiffs*

8.     At all relevant times, Plaintiff Kaiyun Liang ("**Plaintiff Liang**") was an "employee" of Defendants within the meaning of the FLSA, the NYLL, and the WTPA. Plaintiff Liang resides in Brooklyn, New York.

9.     At all relevant times, Plaintiff Xiaohao Fang ("**Plaintiff Fang**") was an "employee" of Defendants within the meaning of the FLSA, the NYLL, and the WTPA. Plaintiff Fang resides in New York, New York.

*__Corporate Defendant__*

10.     Defendant USA QR CULTURE INDUSTRIAL DEVELOPMENT LLC ("**USA QR**") owns and operates a restaurant and bar doing business as Hutaoli Music Restaurant and Bar ("**Hutaoli**"), located at 42 West 33rd Street, New York, NY 10001 of New York and the United States.

11.     Upon information and belief, Defendant USA QR is a privately owned limited liability company organized under the laws of the State of New York, registered to Jing Bao, 50 West 34th Street, Apt 20A3, New York, NY 10001, and is doing business under the fictitious name "Hutaoli Music Restaurant and Bar."  Defendant USA QR's principal place of business is 42 West 33rd Street, New York NY 10001, which is the site of the Hutaoli restaurant.

*__Owner/Operator Defendants__*

12.     Individual defendants Wei You and "Jane" You are officers, directors, managers and/or majority shareholders or owners of Defendant USA QR and being among the ten largest shareholders and/or LLC members, are individually responsible for unpaid wages under New York Business Corporation Law § 630 and/or New York Limited Liability Company Law § 609(c).

## STATEMENT OF FACTS

**I.     General Facts**

13.     USA QR d/b/a Hutaoli is co-owned by Wei You and "Jane" You.

14.     Defendant Wei You, known as an Owner to Plaintiff Liang and Plaintiff Fang and owner and officer of USA QR, (1) had the power to hire and fire employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employee records at USA QR, including Hutaoli.

15. Defendant "Jane" You (first name unknown), known as an Owner to Plaintiff Liang and Plaintiff Fang and owner and officer of USA QR, (1) had the power to hire and fire employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employee records at USA QR, including Hutaoli.

16. Defendant "Jane" You decided who was working and who was not.

17. Defendant "Jane" You, on information and belief, interviewed and hired candidates for employment at Hutaoli.

18. Defendant "Jane" You had authority to terminate Hutaoli employees.

19. Defendant "Jane" You exercised her power to terminate Hutaoli employees.

20. Defendant "Jane" You set the work schedules for Hutaoli employees, including Plaintiff Liang and Plaintiff Fang and those similarly situated.

21. Upon information and belief, Defendants USA QR, Wei You, and "Jane" You are joint "employers" of Plaintiffs and those similarly situated.

22. Defendants have each, at all relevant times, met the definition of an "employer" covered by the FLSA, the NYLL, and the WTPA, respectively.

23. Upon information and belief, the amount of qualifying annual volume of business for Defendant USA QR exceeds $500,000.00 and thus subjects Defendant to the FLSA.

24. Upon information and belief, Defendant USA QR is engaged in interstate commerce, including by transacting in ingredients and foodstuffs across state lines, thus independently subjecting Defendant USA QR to the FLSA.

25. Upon information and belief, throughout the relevant time period, Defendants employed at least fifty (50) employees.

26.     Defendants transacted and continue to transact business in New York and within New York County by employing Plaintiffs Liang and Fang and all those similarly situated.

27.     Defendants set the rate of pay and basis of pay for Plaintiffs and those similarly situated.

28.     Defendants maintained the employment records for Plaintiffs and those similarly situated.

29.     Defendants calculated and divided up the tip pool for Plaintiffs and those similarly situated.

30.     Defendants calculated and paid the wages for Plaintiffs and those similarly situated.

31.     At all relevant times, Plaintiffs and those similarly situated were designated as non-exempt from the statutory provisions of the FLSA and the NYLL.

**II.     Wage & Hour Claims**

32.     Plaintiff Liang and Plaintiff Fang were both employed as servers at Hutaoli, and in that capacity, they served food and beverages to Hutaoli's customers, cleared tables, rung up sales, accepted payments and accepted gratuities (which were pooled with other eligible restaurant staff).

33.     Plaintiff Liang, Plaintiff Fang, and others similarly situated each were routinely scheduled to work approximately forty hours per workweek but often worked more hours than scheduled.

34.     Plaintiff Liang, Plaintiff Fang, and others similarly situated were assigned shifts with a spread of hours exceeding ten hours.

35.     While employed by Defendants, Plaintiff Liang and Plaintiff Fang, and those similarly situated, were not exempt under federal and state laws requiring timely payment of wages.

36.     All of Defendants' employees were paid on the same date for each workweek.

37.     All of Defendants' employees recorded their time worked in a software application maintained by Defendants.

38.     Defendants had the ordinary, routine pattern and practice of paying Plaintiffs Liang and Fang, and others similarly situated, up to six weeks after they performed their work, in violation of the FLSA, the NYLL, and the WTPA.

39.     Plaintiff Liang, Plaintiff Fang (and upon information and belief others similarly situated) complained to Defendants that they were not receiving timely payment of their wages.

40.     Despite these complaints, Defendants continued their practice of failing to make timely wage payments to Plaintiff Liang, Plaintiff Fang, and to others similarly situated.

41.     At all relevant times, Defendants had knowledge that failing to pay plaintiffs on the regular payday for the pay period in which the workweek ends for all hours worked each workweek violates the FLSA, the NYLL, and the WTPA.

42.     Defendants' failure to pay plaintiffs on the regular payday for the pay period in which the workweek ends for all hours worked each workweek was thus willful pursuant to FLSA 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL § 2 and the regulations thereunder, and they are thus jointly and severally liable to Plaintiffs and those similarly situated.

43.     Defendants failed to keep full and accurate records of Plaintiffs' hours and wages.

44.     Defendants failed to pay Plaintiffs and, upon information and belief, other employees, spread-of-hour pay for shifts exceeding ten hours in a day.

45.     At all relevant times, Defendants knowingly, willfully and maliciously failed to provide Plaintiffs and similarly situated employees with Time of Hire Notices reflecting true rates

of pay and payday information, as well as paystubs that listed: employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day.

### III.     Facts Specific to Plaintiff Liang

46.     From on or about May 27, 2021 through December 10, 2021, Plaintiff Liang was employed by Defendants to work at Hutaoli.

47.     Plaintiff Liang was interviewed by Hutaoli's Service Captain Bobby Wang and was hired by "Jane" You.

48.     Plaintiff Liang was initially hired as a Runner/Busser, and was eventually promoted to a Food and Beverage Server ("Waiter") and Host.  In each of these roles, Plaintiff Liang was paid $15.00 per hour, and was entitled to a share of the tip pool for tips earned during her shift.

49.     Plaintiff Liang did not receive a Time of Hire wage notice reflecting her true rates of pay and payday information.

50.     Plaintiff Liang did not receive paystubs that accurately provided true information identifying: employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day.

51.     At all relevant times, Plaintiff Liang was scheduled to work thirty-six (36) hours per week, as follows:  Plaintiff Liang would normally work two shifts per day: (i) the first shift from 11:00am to 3:00pm, followed by a two hour break, and then (ii) a second shift from 5:00pm to 9:00pm.  Plaintiff Liang would normally work this schedule twice per week.  Two additional days each week, Plaintiff Liang would work from 6:00pm through midnight (12:00am).  Plaintiff

Liang would additionally work one other shift each week, from 4:00pm through midnight (12:00am), for a total of forty hours.

52.     Plaintiff Liang was provided with her work schedule every Sunday via a phone app called "WeChat."

53.     During Plaintiff Liang's employment, there were more than twenty (20) employees working each shift.

54.     Despite commencing employment on May 27, 2021, Plaintiff Liang did not receive her first paycheck until June 30, 2021.

55.     Plaintiff Liang complained to both "Sonny" and to Bobby Wang about the delayed paychecks, but Defendants continued to fail to pay Plaintiff Liang and similarly situated employees on the regular payday for the pay period in which the workweek ends for all hours worked.

56.     Each workweek from then onward, Plaintiff Liang had to wait at least four (4) weeks to receive her paycheck.

57.     On occasion, Plaintiff Liang had to wait even longer to receive her paychecks.  For example, for the workweek of November 29 through December 12, Plaintiff Liang was required to wait eight (8) weeks to receive her paycheck for that week.

58.     Plaintiff Liang also complained about Hutaoli's failure to pay her overtime for the 11 hours in excess of 40 hours she worked during the period of September 5, 2021 – September 11, 2021, but Hutaoli took no remedial action.

IV.     **Facts Specific to Plaintiff Fang**

59.     From on or about May 30, 2021 through on or about Thanksgiving of 2021, Plaintiff Fang was employed by Defendants to work at Hutaoli.

60.     Plaintiff Fang was hired by one of Hutaoli's "Service Captains," Bobby Wang.

61.     Plaintiff Fang was initially hired as a Food and Beverage Server and was eventually promoted to Service Captain.  In each of these roles, Plaintiff Fang was paid $15.00 per hour, and was entitled to a share of the tip pool for tips earned during her shift.

62.     Plaintiff Fang did not receive a Time of Hire wage notice reflecting her true rates of pay and payday information.

63.     Plaintiff Fang did not receive paystubs that accurately provided true information identifying: employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day.

64.     At all relevant times, Plaintiff Fang was scheduled to work five days a week for a total of up to forty (40) hours.

65.     While a Food and Beverage Server, Plaintiff Fang worked a day shift from 11:00am through 9:00pm (with a two hour break) three days per week for a total of twenty four (24) work hours.  Additionally, he worked the first night shift once per week from 4:00pm through midnight (for an additional eight (8) work hours).

66.     Upon his promotion, Plaintiff Fang no longer worked day shifts.  Instead, twice per week, Plaintiff Fang worked the first night shift from 4:00pm to 12:00am, for a total of sixteen (16) work hours.

67.     Two to three nights per week (it varied from week to week), Plaintiff Fang would work the second shift from 6:00pm to 12:00am (midnight), for another twelve (12) to eighteen (18) hours.

68.     Plaintiff Fang was provided with his work schedule every Sunday via a phone app called "WeChat."

69.     Despite commencing employment on or about May 30, 2021, Plaintiff Fang did not receive his first paycheck until on or about June 30, 2021.

70.     Plaintiff Fang received "direct deposit" payment notifications that were false and inaccurate because they indicated that he had been provided payments, but when he checked his bank account, the money had not actually been deposited.

71.     Plaintiff Fang did not receive a Time of Hire wage notice reflecting his true rates of pay and payday information.

72.     Plaintiff Fang did not receive paystubs that accurately provided true information identifying: employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day.

73.     Plaintiff Fang complained to both "Sonny" and to "June" You about the delayed paychecks, but Defendants continued to fail to pay Plaintiff Fang and similarly situated employees on the regular payday for the pay period in which the workweek ends for all hours worked.

74.     Each workweek from then onward, Plaintiff Fang had to wait at least four (4) weeks to receive his paycheck.

75.     On occasion, Plaintiff Fang had to wait even longer to receive his paychecks.  For example, Mr. Fang was required to wait six (6) weeks until he received his final paycheck for the workweek ending on or about Thanksgiving of 2021.

76.     Plaintiff Fang was never paid for the eight (8) hours he worked on March 25, 2021.

77.     Plaintiff Fang was never paid for the eight (8) hours he worked on March 26, 2021.

78.     Plaintiff Fang was never paid for the approximately forty (40) hours he worked during the period May 23, 2021 – May 29, 2021.

## FLSA COLLECTIVE ACTION ALLEGATIONS

79.     Plaintiffs seek to bring this suit as a collective action pursuant to 29 U.S.C. § 216(b)

on their own behalf as well as those in the following "**Collective**" defined as:

> All hourly workers employed by Defendants within the State of New
> York from June 8, 2019, through the final date of disposition of this
> action, who did not receive payment for their wages for all hours
> worked each workweek on the regular payday for the pay period in
> which the workweek ended.

80.     At all relevant times, Plaintiffs Liang and Fang were similarly situated to all such

individuals in the Collective because, while employed by Defendants, Plaintiffs Liang and Fang

performed similar tasks, were subject to the same laws and regulations, were paid in the same or

substantially similar manner, were paid the same or similar rate, and were subject to Defendants'

policies and practices of willfully failing to pay them their wages for all hours worked each

workweek on the regular payday for the pay period in which the workweek ended.

81.     Defendants are and have been aware of the requirement to pay Plaintiffs Liang and

Fang and the members of the proposed Collective their wages for all hours worked each workweek

on the regular payday for the pay period in which the workweek ended, yet willfully chose not to

do so.

82.      The Collective members are readily discernable and ascertainable. All Collective

members' contact information is readily available in Defendants' records. Notice of this collective

action can be made as soon as the Court determines it appropriate to do so.

83.     The members of the proposed Collective are too numerous to join in a single action,

necessitating collective recognition.

84.     All questions relating to Defendants' violation of the FLSA share a common factual

basis as set forth herein. No claims under the FLSA relating to Defendants' failure to timely pay

statutorily required wages are specific to Plaintiffs Liang and Fang and the claims asserted by Plaintiffs are typical of those of members of the proposed Collective.

85.    Plaintiffs Liang and Fang will fairly and adequately represent the interests of the Collective and have no interests conflicting with members of the Collective.

86.    A collective action is superior to all other methods and is necessary in order to fairly and completely litigate violations of the FLSA.

87.    Plaintiff Liang and Fang's attorneys are familiar with and have experience with collective and class action litigation, as well as employment and labor law litigation.

88.    The public will benefit from the case being brought as a collective action because doing so will serve the interests of judicial economy by reducing a multitude of claims to a single litigation. Prosecution of separate actions by Collective members creates the risk of varying and inconsistent results based on identical fact patterns, as well as disposition of the Collective's interests without their knowledge or contribution.

89.    The questions of law and fact are nearly identical for all Collective members and therefore proceeding as a collective action is ideal. Without judicial resolution of the claims asserted on behalf of the proposed collective, Defendants' continued violations of the FLSA will undoubtedly continue.

## FED. R. CIV. P.  23 CLASS ACTION ALLEGATIONS

90.    Plaintiffs Liang and Fang seek to maintain this action as a class action pursuant to FED. R. CIV. P. 23, on behalf of those who, during the previous six (6) years, were subjected to Defendants' violations of the NYLL and the WTPA.

91.    The "**Class**" which Plaintiffs seek to define includes:

All hourly workers employed by Defendants from June 8, 2016 through the final date of disposition of this action, who: (i) received

payment for their wages less frequently than weekly (or, in the case of any non-manual workers, semi-monthly); (ii) were, as a result of such untimely payments, not provided with true and accurate Wage Statements; and (iii) were not provided with Time of Hire Wage Notices.

92.     The number of class members protected by the NYLL and the WTPA who have suffered under Defendant's violations of such statutes are believed to be in excess of forty (40) and thus are too numerous to join in a single action, necessitating class recognition.

93.     All questions relating to Class's allegations under the NYLL and the WTPA share a common factual basis with those raised by the claims of Plaintiffs Liang and Fang. No claims asserted herein under the NYLL and the WTPA are specific to Plaintiff Liang and Plaintiff Fang or any Class member and the claims of Plaintiffs Liang and Fang are typical of those asserted by the proposed Class.

94.     Plaintiffs Liang and Fang will fairly and adequately represent the interests of all members of the proposed Class.

95.     A class action is superior to all other methods of adjudication and is necessary in order to fairly and completely litigate the Class's allegations that Defendants violated the NYLL and the WTPA.

96.     The class members of the proposed Class are readily discernable and ascertainable. Contact information for all members of the proposed Class is readily available from Defendants since such information is likely to be contained in their personnel files. Notice of this class action can be provided by any means permissible under the FED. R. CIV. P. 23 requirements.

97.     Plaintiffs Liang and Fang assert these claims on their own behalf as well as on behalf of the Class.

98.     Plaintiffs' attorneys are experienced in class action litigation as well as employment

litigation.

99.     Plaintiffs Liang and Fang are able to fairly represent and properly protect the interests of the absent members of the proposed Class and have no interests conflicting with those of the Class.

100.     The public will benefit from this case being brought as a class action because it serves the interests of judicial economy by saving the Court's time and effort and by reducing a multitude of claims to a single litigation. Prosecution of separate actions by individual Class members creates a risk of varying results based on identical fact patterns as well as disposition of the Classes' interests without their knowledge or contribution.

101.     Due to the nature of wage and hour claims brought during the course of employment, class members are often fearful of filing claims against their employers and would benefit from Plaintiffs' willingness to proceed against Defendants. The anonymity inherent in a class action suit further provides insulation against retaliation and/or undue stress and fear for the Class members' jobs and continued employment.

102.     The questions of law and fact that are nearly identical for all class members make proceeding as class action ideal. Without judicial resolution of the claims asserted on behalf of the proposed Class, continued violations of the NYLL and the WTPA will undoubtedly continue.

103.     Whether Plaintiffs Liang and Fang and the Class members were: (i) paid all of their earned and due wages less frequently than weekly (or, in the case of any non-manual workers, semi-monthly); (ii) issued the Time of Hire Wage Statements required under the NYLL; and (iii) provided with true and accurate Wage Notices pursuant to the NYLL, are all common questions which can readily be resolved through the class action process.

## **CAUSES OF ACTION**

**<u>AS AND FOR A FIRST CAUSE OF ACTION FOR A VIOLATION OF</u>**
**The Fair Labor Standards Act, 29 U.S.C. § 206, Made by Plaintiffs Liang and Fang on**
**Behalf of All Collective Members**
**(Failure to Timely Pay Wages)**

104.    Plaintiffs Liang and Fang and the Collective members re-allege and incorporate by reference all allegations in all preceding paragraphs.

105.    Throughout the period covered by the applicable statute of limitations, Defendants knowingly failed to pay Plaintiffs Liang and Fang and Collective members their wages for all hours worked each workweek on the regular payday for the pay period in which the workweek ended.

106.    Defendant's conduct was willful and lasted for the duration of the relevant time period.

107.    Defendant's conduct was in violation of the Fair Labor Standards Act, 29 U.S.C. § 206.

108.    Due to Defendants' violations of the FLSA, Plaintiffs and members of the proposed Collective are entitled to recover from Defendants, jointly and severally, liquidated damages equal to the wages of each Plaintiff or Collective member, together with costs and attorneys' fees.

**<u>AS AND FOR A SECOND CAUSE OF ACTION FOR A VIOLATION OF</u>**
**New York Labor Law § 191 (Frequency of Payment), Made by Plaintiffs Liang and Fang**
**on Behalf of Plaintiffs and the Rule 23 Class**

109.    Plaintiffs Liang and Fang and the Class members re-allege and incorporate by reference all allegations in all preceding paragraphs.

110.    Throughout the period covered by the applicable statute of limitations, Plaintiffs Liang and Fang and other Class Plaintiffs were not provided with payment for their wages for all hours worked each workweek at least as frequently as semi-monthly, in violation of NYLL § 191 on the regular payday for the pay period in which the workweek ended.

111.    Throughout the period covered by the applicable statute of limitations, Defendants knowingly failed to pay Plaintiffs Liang and Fang at least as frequently as semi-monthly.

112.    Defendant's conduct was willful and lasted for the duration of the relevant time period.

113.    Defendants conduct was in violation of the NYLL.

114.    Due to Defendants' violations of the NYLL, Plaintiffs are entitled to recover from Defendants, jointly and severally, liquidated damages equal to the wages of each Plaintiff or Class member, together with costs and attorneys' fees.

### AS AND FOR A THIRD CAUSE OF ACTION FOR A VIOLATION OF
**New York Labor Law § 195-1(a) (Failure to Provide Wage Notices)
Brought on Behalf of Plaintiffs and the Rule 23 Class**

115.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

116.    The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer.  NYLL § 195-1(a).

117.    Defendants intentionally failed to provide notice to employees in violation of NYLL § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on their first day of employment.

118.    Defendants not only did not provide notice to each employee at Time of Hire, but failed to provide notice to Plaintiffs and members of the Class even after the fact.

119.    Due to Defendants' violations of the NYLL, Plaintiffs are entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to NYLL 198(1-b).

**AS AND FOR A FOURTH CAUSE OF ACTION FOR A VIOLATION OF**
**New York Labor Law § 195-1(d) (Failure to Provide Wage Statements)**
**Brought on Behalf of Plaintiffs and the Rule 23 Class**

120.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

121.    The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday.  NYLL § 195-1(d).

122.    Defendants have failed to make a good faith effort to comply with the NYLL with respect to the compensation of Plaintiffs and members of the proposed Class, and did not provide the true and accurate paystub information on or after each payday to Plaintiffs and members of the Proposed Class.

123.    Due to Defendants' violations of the NYLL, Plaintiffs are entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for each Plaintiff or Class member, together with costs and attorneys' fees pursuant to NYLL § 198 (1-d).

**AS AND FOR A FIFTH CAUSE OF ACTION FOR A VIOLATION OF**
**the New York Code, Rules, and Regulations § 146.1.6**
**Brought on Behalf of Plaintiffs and the Rule 23 Class**

124.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

125.    Defendants knowingly failed to pay Plaintiffs and Class members the statutorily required "spread of hours" pay for each day worked in excess of ten (10) hours.

126.    Plaintiffs and the Class are entitled to "spread of hours" pay for each day worked in excess of ten (10) hours.

127.    Defendants knowingly failed to pay Plaintiffs and the Class the "spread of hours" pay for each day worked in excess of ten (10) hours.

128.    Defendants' conduct was willful and lasted for the duration of the relevant time period.

129.    Defendants' conduct was in violation of the New York Codes, Rules, and Regulations § 146-1.6.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs and all Collective and Class Plaintiffs demand judgment against Defendants as follows:

A.    At the earliest possible time, Plaintiffs should be allowed to give notice of the purported Collective, or the Court should issue such notice, to all members of the purported Collective defined herein. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages and/or benefits;

B.    Designation of Plaintiffs as representative of the FLSA Collective defined herein, and Plaintiffs' counsel as Collective Counsel;

C.    Designation of Plaintiffs Liang and Fang as representatives of the Fed. R. Civ. P. 23 Class defined herein, and Plaintiffs' counsel as Class Counsel;

D.    Certification of this action as a collective action pursuant to 29 U.S.C. § 216(b) for

the purposes of the claims brought on behalf of all proposed FLSA Collective members under the FLSA;

      E.      Certification of this action as a class action pursuant to Fed. R. Civ. P. 23 for the purposes of the claims brought on behalf of all proposed Class members under the NYLL and the WTPA;

      F.      Preliminary and permanent injunctions against Defendants and Defendant QR USA's officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

      G.      A judgment declaring that the practices complained of herein are unlawful and in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, the New York Labor Law, and the WTPA;

      H.      All damages which Plaintiffs and all Collective and Class members have sustained as a result of Defendants' conduct, including: (i) liquidated damages, penalties, and punitive damages subject to proof, (ii) attorneys' fees, and (iii) interest;

      I.      An award to Plaintiffs and all Collective and Class members of pre-judgment interest at the highest level rate, from and after the date of service of the initial complaint in this action on all unpaid wages from the date such wages were earned and due;

      J.      An award to Plaintiffs and all Collective and Class Plaintiffs representing Defendants' share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

      K.      Awarding Plaintiffs and all Collective and Class members their costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert

witness fees, and other costs;

L.      Pre-judgment and post-judgment interest, as provided by law; and

M.      Granting Plaintiffs and all Collective and Class members such other and further relief as this Court finds necessary and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by this complaint.


Dated:      June 9, 2022
            Garden City, New York


Respectfully submitted,


*/s/ Alex Rissmiller*
Alex Rissmiller
**Rissmiller PLLC**
5 Pennsylvania Plaza, 19th Floor
New York, NY 10001
T: (646) 664-1412
arissmiller@rissmiller.com


*/s/ Matthew L. Berman*
Matthew L. Berman, Esq.
**Valli Kane & Vagnini LLP**
600 Old Country Road, Suite 519
Garden City, New York 11530
T: (516) 203-7180
F: (516) 706-0248
mberman@vkvlawyers.com


*Attorneys for Plaintiffs*