UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KAIYUN LIANG and XIAOHAO FANG,
individually and on behalf of all others
similarly situated,

                           Plaintiffs,

                 - against -

USA QR CULTURE INDUSTRIAL
DEVELOPMENT LLC doing business as
HUTAOLI MUSIC RESTAURANT & BAR,
WEI YOU, and "JANE" YOU,

                           Defendants.

**ORDER**

22 Civ. 4841 (PGG) (RWL)

PAUL G. GARDEPHE, U.S.D.J.:

        Plaintiffs Kaiyun Liang and Xiaohao Fang, on behalf of themselves and others similarly situated, bring this collective action against their former employer, Hutaoli Music Restaurant & Bar ("Hutaoli"), as well as Hutaoli's owners, Wei You and "Jane" You. (Cmplt. (Dkt. No. 1) ¶¶ 1, 8-12) Plaintiffs allege violations of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201-219, the New York Labor Law (the "NYLL"), the New York Wage Theft Prevention Act (the "WTPA"), and the New York Codes, Rules, and Regulations (the "NYCRR"), 12 N.Y.C.R.R § 146-1.6. (Id. ¶¶ 104-129)

        The Complaint was filed on June 9, 2022. (Cmplt. (Dkt. No. 1)) On June 23, 2022, this Court referred this case to Magistrate Judge Robert W. Lehrburger for general pretrial supervision. (Dkt. No. 6) On March 6, 2023, Defendants moved to dismiss Plaintiffs' claims for (1) late payment of wages, in violation of NYLL § 191 (Second Cause of Action); (2) failure to provide wage notices, in violation of NYLL § 195(1)(A) (Third Cause of Action); (3) and failure to provide wage statements, in violation of NYLL § 195(3) (Fourth Cause of Action).

Defendants contend that these claims must be dismissed for lack of standing and failure to state a claim. (Def. Mot. (Dkt. No. 43)) Plaintiffs filed their opposition on April 13, 2023. (Pltf. Opp. (Dkt. No. 45))

On November 14, 2023, Judge Lehrburger issued a thorough, thirteen-page Report and Recommendation ("R&R") recommending that the Defendants' motion be granted in part, and denied in part. (R&R (Dkt. No. 63) at 12))

As to Plaintiff's late payment of wages claim, Judge Lehrburger concludes that the applicable statute – NYLL § 191 – provides for a private right of action and that Plaintiffs have adequately alleged a concrete injury for purposes of standing. Judge Lehrburger thus recommends that Defendants' motion to dismiss be denied as to this claim. (Id. at 4-9)

As to Plaintiffs' wage notice and wage statement claims, Judge Lehrburger finds that Plaintiffs have pled only a statutory violation and have not alleged an injury in fact. For this reason, Judge Lehrburger recommends that these claims be dismissed with leave to amend. (Id. at 9-12)

28 U.S.C. § 636(b)(1)(C) provides that, "[w]ithin fourteen days after being served with a copy, any party may serve and file written objections to [a magistrate judge's] proposed findings and recommendations . . . ." 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.").

Moreover, in his R&R, Judge Lehrburger advises the parties that they

> have fourteen (14) days to file written objections to this Report and Recommendation. . . . Failure to file timely objections will result in a waiver of the right to object and will preclude appellate review.

(R&R (Dkt. No. 63) at 12-13) (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), and 72) (emphasis in original)

Neither side has filed objections to Judge Lehrburger's R&R.

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a timely objection has been made to a magistrate judge's R&R, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.

But where, as here, no party filed objections to the R&R – despite clear warning that a failure to file objections would result in a waiver of judicial review (see R&R (Dkt. No. 63) at 12-13) – judicial review has been waived. See DeLeon v. Strack, 234 F.3d 84, 86 (2d Cir. 2000) ("[A] party generally waives judicial review of an issue when he or she fails to make timely objection to a magistrate judge's report, as long as all parties receive clear notice of the consequences of their failure to object.") (citing Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); see also McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983) ("When a party fails to object timely to a magistrate's recommended decision, it waives any right to further judicial review of that decision.").

This rule is non-jurisdictional, however, and because "its violation may be excused in the interests of justice," DeLeon, 234 F.3d at 86 (citing Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993)), this Court has considered whether there is any "'clear error on the face of the record'" that precludes acceptance of the magistrate judge's recommendation. Wingate v. Bloomberg, No. 11 Civ. 188 (JPO), 2011 WL 5106009, at *1 (S.D.N.Y. Oct. 27, 2011) (quoting Fed. R. Civ. P. 72(b) advisory committee note and citing Nelson v. Smith, 618 F. Supp. 1186,

1189 (S.D.N.Y. 1985) ("To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record.")).

This Court has reviewed Judge Lehrburger's thirteen-page R&R and finds it to be thorough, well-reasoned, and free of any clear error. As to the late payment of wages claim, the controlling authority is Vega v. CM & Associates Construction Management LLC, 175 A.D.3d 1144 (1st Dept. 2019). As Judge Lehrburger notes, while the reasoning of Vega has been criticized by courts in this District, it has nonetheless consistently been followed. See R&R (Dkt. No. 63) at 5-7) As to Plaintiffs' wage notice and wage statement claims, this Court agrees with Judge Lehrburger that while Plaintiffs have pled statutory violations, they have not pled an injury in fact.

## CONCLUSION

Judge Lehrburger's R&R (Dkt. No. 63) is adopted in its entirety, and Defendants' motion to dismiss is granted in part and denied in part. Any motion to amend the NYLL wage notice and wage statement claims will be filed by **December 11, 2023**, and will include factual allegations demonstrating an injury in fact.

The Clerk of Court is directed to terminate the motion (Dkt. No. 43).

Dated: New York, New York
       November 29, 2023

                                        SO ORDERED.

                                        _____
                                        Paul G. Gardephe
                                        United States District Judge