**RISSMILLER** PLLC
EMPLOYMENT LAW FIRM

5 PENNSYLVANIA PLAZA, 19TH FLOOR
NEW YORK, NY 10001
TEL 646.664.1412
WWW.RISSMILLER.COM

**Alex Rissmiller**
arissmiller@rissmiller.com

December 8, 2023

**BY ECF**

The Honorable Robert W. Lehrburger
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    <u>Liang, et al. v. USA QR Culture Industrial Development LLC d/b/a Hutaoli Music Restaurant and Bar, et al.; No. 1:22-cv-04841-PGG-RWL</u>

Dear Judge Lehrburger:

    We write on behalf of Plaintiffs in response to the Court's Report and Recommendation (ECF 63), which granted "leave to replead in the event Plaintiffs are able to sufficiently allege concrete injury" arising from Plaintiffs' NYLL wage notice and wage statement claims. The R&R was adopted in its entirety, assigning a December 11, 2023 deadline to amend. (ECF 66).

    Plaintiffs' Amended Complaint (attached to this application as <u>Exhibit 1</u>, with tracked changes attached as <u>Exhibit 2</u>) contains allegations sufficient for this Court to find that Defendants' NYLL violations caused Plaintiffs an injury in fact. Specifically, Plaintiffs have alleged that:

> "Defendants were on notice of their late pay violations by virtue of Plaintiffs' complaints concerning their late pay but continued providing inaccurate wage statements in an attempt to conceal and/or minimize the appearance of those violations."

<u>Exhibit 1</u> ¶ 54; *see Marine v. Vieja Quisqueya Rest. Corp.*, No. 20-CV-4671, 2022 WL 17820084 (E.D.N.Y. Sept. 23, 2022) (finding a concrete and particularized injury where Plaintiff alleged that Defendants' failure to provide wage notice and wage statements was done to disguise the number of hours worked by Plaintiff and to avoid paying Plaintiff for those hours). Similarly, Plaintiffs have alleged that:

> "Defendants additionally failed to provide Plaintiffs with any paystub until months into their employment. As a result, Plaintiffs were prevented from ascertaining the existence and extent of Defendants' late pay violations and seeking redress for those violations."

<u>Exhibit 1</u> ¶¶ 47-48; *see Lipstein v. 20X Hospitality LLC,* No. 22-CV-04812, 2023 WL 6124048, at *9 (S.D.N.Y. Sept. 19, 2023) (finding standing where plaintiff alleged that lack of wage

The Honorable Robert W. Lehrburger
December 8, 2023
Page 2

notices and wage statements kept him from realizing that he was being underpaid and taking action to obtain payments due to him). Plaintiffs have also alleged that:

> The pay records maintained in Defendants' electronic system did not accurately reflect the true pay date and corresponding pay period for Plaintiffs' work and pay. Defendants routinely listed a pay date on the pay records far earlier than the date on which they actually paid Plaintiffs … [which] prevented Plaintiffs from ascertaining whether, and the extent to which, they were being paid late … [and] ascertaining if and when they would receive future pay.

Exhibit 1 ¶¶ 50-53; *see Metcalf v. TransPerfect Translations International, Inc.,* No. 19-CV-10104, 2023 WL 2674743, at *6 (S.D.N.Y. Mar. 29, 2023) (finding standing where plaintiffs alleged that inaccurate wage notices and wage statements prevented them from knowing whether and how much they had been underpaid).

For these reasons, the Court should permit Plaintiffs' proposed Amended Complaint under Fed. R. Civ. P. 15(a)(2) and deem it served on Defendants by virtue of this filing.

Respectfully submitted,

*/s/ Alex Rissmiller*
Alex Rissmiller

*/s/ Matthew L. Berman*
Matthew L. Berman