**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KAIYUN LIANG and XIAOHAO FANG, individually and on behalf of all others similarly situated, <br><br>                  Plaintiffs, <br> v. <br><br> USA QR CULTURE INDUSTRY DEVELOPMENT, LLC, d/b/a HUTAOLI MUSIC RESTAURANT & BAR, WEI YU, and "JANE" YU, <br><br>                  Defendants. | Case No. 22-cv- 4841 (PGG)(RWL) |

<u>**PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL**</u>
<u>**OF CLASS AND COLLECTIVE ACTIONS SETTLEMENT**</u>
<u>**AND INCORPORATED MEMORANDUM OF LAW**</u>

**VALLI KANE & VAGNINI LLP**
Matthew K. Berman
Robert J. Valli, Jr.
600 Old Country Road, Suite 519
Garden City, NY 11530
Telephone: (516) 203-7180

**RISSMILLER PLLC**
Alex Rissmiller
5 Pennsylvania Plaza, 19th Floor
New York, NY 10001
Telephone: (646_ 664-1412

*Attorneys for Plaintiffs*

## Table of Contents

I.    INTRODUCTION ................................................................................................. 2

II.   FACTUAL & PROCEDURAL BACKGROUND .................................................. 3

  A   The Parties' Claims and Defenses ..................................................................... 3

  B   Procedural History and Settlement Negotiation ................................................ 3

III.  SUMMARY OF THE SETTLEMENT ............................................................... 6

  A   Definition of Settlement Class .......................................................................... 6

    **FLSA Collective Class** ...................................................................................... 6

    FLSA Collective Class – All hourly workers employed by Hutaoli within the State of New York from June 8, 2019 through the date of the Preliminary Approval Order;..................... 6

    **Rule 23 Settlement Class** .................................................................................. 6

    Rule 23 Settlement Class – All hourly workers employed by Hutaoli from June 8, 2016 through the date of the Preliminary Approval Order;........................................................... 6

  B   Qualified Settlement Fund ................................................................................. 7

    1    Settlement Payments ................................................................................... 7

  C   Service Payments ............................................................................................. 11

  D   Attorneys' Fees and Lawsuit Costs................................................................. 11

  E   Proposed Schedule for Preliminary Approval ................................................ 12

IV.   ARGUMENT AND AUTHORITIES ............................................................... 13

  A   Preliminary Class Certification is Appropriate............................................... 14

    1    The Standards and Procedures for Preliminary Approval........................... 16

    2    The Prerequisites of Rule 23(a) are Satisfied............................................. 18

    3    The Prerequisites of Rule 23(b)(3) are also Satisfied ................................ 22

    4    Rule 23(g) is satisfied................................................................................ 24

  B   The FLSA Collective Action Satisfies 29 U.S.C. § 216(b) ............................ 24

  C   The Settlement is Non-Collusive, Fair, Adequate and Reasonable ................. 25

  D   The Proposed Form of Notice Satisfies Due Process ..................................... 32

  E   The Attorneys' Fees and Costs Should be Preliminarily Approved ................ 33

  F   The Service Payments Should be Preliminarily Approved.............................. 34

  G   A Final Approval Hearing Should be Scheduled............................................. 35

V.    CONCLUSION................................................................................................. 35

## Table of Authorities

**Cases**

*Amchem Prods. v. Windsor,*
    521 U.S. 591 (1997) ........................................................................... 16, 22

*Amgen, Inc. v. Connecticut Ret. Plans & Trust Funds,*
    133 S. Ct. 1184 (2013) ................................................................................ 22

*Attenborough v. Const. and Gen. Bldg. Laborers' Local 79,*
    238 F.R.D. 82 (S.D.N.Y.2006) ................................................................... 20

*Beckman v. KeyBank, N.A.,*
    293 F.R.D. 467 (S.D.N.Y. 2013) ........................................................... 14, 15

*Caridad v. Metro-North Commuter R.R.,*
    191 F.3d 283 (2d Cir.1999) ......................................................................... 20

*Castagna v. Madison Square Garden, L.P.,*
    NO. 09 Civ. 10211(LTS)(HP), 2011 WL 2208614 (S.D.N.Y. June 7, 2011) ................... 14, 20

*Chambery v. Tuxedo Junction Inc.,*
    10 F. Supp. 3d 415 (W.D.N.Y. 2014) ..................................................... 14, 15, 19

*Cheeks v. Freeport Pancake House, Inc.,*
    796 F.3d 199 (2d Cir. 2015) ........................................................................ 25

*City of Detroit v. Grinnell Corp.,*
    495 F.2d 448 (2d Cir. 1974) ................................................................... 26, 27

*Clem v. Keybank, N.A.,*
    No. 13 CIV. 789 JCF, 2014 WL 2895918 (S.D.N.Y. June 20, 2014) ...................... 33, 34

*Cohen v. J.P. Morgan Chase & Co.,*
    262 F.R.D. 153 (E.D.N.Y. 2009) ............................................................ 14, 15

*Consol. Rail Corp. v. Town of Hyde Park,*
    47 F.3d 473 (2d Cir.1995) .......................................................................... 18

*Cordes & Co. Fin. Servs., Inc. v. A.G. Edwards & Sons, Inc.,*
    502 F.3d 91 (2d Cir.2007) .......................................................................... 21

*Diaz v. E. Locating Serv. Inc.,*
    No. 10 Civ. 2082 (JCF), 2010 WL 5507912 (S.D.N.Y. Nov. 29, 2010) .................. passim

*Dodge v. County of Orange,*
    208 F.R.D. 79 (S.D.N.Y. 2002) ................................................................... 19

*Durett,*
    896 F.2d ............................................................................................... 17

*Eisenberg v. Gagnon,*
    766 F.2d 770 (3d Cir.1985) ......................................................................... 16

*Garcia v. Atlantico Bakery Corp.,*
    No. 13 CIV. 1904 (JCF), 2016 WL 3636659 (S.D.N.Y. June 29, 2016) .................... 33

*Gen.Tel. Co. ofSouthwest v. Falcon,*
    457 U.S. 147 ......................................................................................... 20

*Green v. Wolf Corp.,*
    406 F.2d 291 (2d Cir.1968) ......................................................................... 23

*Guzelgurgenli v. Prime Time Specials, Inc.,*
    883 F.Supp. 2d 340 (E.D.N.Y. 2012) ............................................................ 25

*Hernandez v. Merrill Lynch & Co., Inc.*,
    No. 11 Civ. 8472 (KBF)(DCF), 2012 WL 5862749 (S.D.N.Y. Nov. 15, 2012) ..................... 14
*Hernandez v. Merrill Lynch & Co., Inc.*,
    No. 11 Civ. 8472, 2013 WL 1209563 (S.D.N.Y. Mar. 21, 2013) ............................................ 21
*In re Austrian and German Bank Holocaust Litig.*,
    80 F.Supp.2d 164 (S.D.N.Y.2000) ................................................................................ 14, 17
*In re Drexel Burnham Lambert Group, Inc.*,
    960 F.2d 285 (2d Cir. 1992) .......................................................................................... 20, 21
*In re EVCI Career Colls. Holding Corp. Sec. Litig.*,
    No. 05 Civ. 10240, 2007 WL 2230177 (S.D.N.Y. July 27, 2007) ................................... 14, 26
*In re Gen. Motors Corp. Pick-up Truck Fuel Tank Prods. Liab. Litig.*,
    55 F.3d 768 (3rd Cir. 1995) ........................................................................................... 15, 17
*In re Paineweber Ltd. P'ships Litig.*,
    171 F.R.D. 104 (S.D.N.Y. 1997) ......................................................................................... 28
*In re PaineWebber Ltd. Partnerships Litig.*,
    147 F.3d 132 ........................................................................................................................ 25
*In re Top Tankers, Inc. Sec. Litig.*,
    No. 06 Civ. 13761, 2008 WL 2944620 (S.D.N.Y. July 31, 2008) ......................................... 26
*Joel A. v. Giuliani*,
    218 F.3d 132 (2d Cir. 2000) .......................................................................................... 13, 25
*Levitt v. J.P. Morgan Secs., Inc.*,
    710 F.3d 454 (2d Cir.2013) ................................................................................................. 15
*Lizondro-Garcia v. Kefi LLC*,
    300 F.R.D. 169 (S.D.N.Y. 2014) ................................................................................... 26, 27
*Long v. HSBC USA Inc.*,
    No. 14 Civ. 6233, 2015 WL 5444651 (S.D.N.Y. Sept. 11, 2015) ......................................... 20
*Lynch v. United Servs. Auto. Ass'n*,
    491 F. Supp. 2d 357 (S.D.N.Y. 2007) ............................................................................ 24, 25
*Manley v. Midan Rest. Inc.*,
    No. 14 CIV. 1693 (HBP), 2016 WL 1274577 (S.D.N.Y. Mar. 30, 2016) .............................. 31
*Massiah v. MetroPlus Health Plan, Inc.*,
    No. 11 Civ. 5669, 2012 WL 5874655 (E.D.N.Y. Nov. 20, 2012) ......................................... 34
*Maywalt*,
    67 F.3d ................................................................................................................................ 15
*McMahon v. Olivier Cheng Catering and Events, LLC*,
    No. 08 Civ. 8713 (PGG), 2010 WL 2399328 (S.D.N.Y. March 3, 2010) .............................. 34
*Mohney v. Shelly's Prime Steak, Stone Crab & Oyster Bar*,
    No. 06 Civ. 4620, 2009 WL 5851465 (S.D.N.Y. Mar. 31, 2009) ......................................... 19
*Morris v. Affinity Health Plan, Inc.*,
    859 F.Supp.2d 611 (S.D.N.Y. 2012) .............................................................................. 20, 21
*Noble v. 93 Univ. Place Corp.*,
    224 F.R.D. 330 (S.D.N.Y.2004) ..................................................................................... 18, 22
*Port Authority Police Benev. Ass'n, Inc. v. Port Authority of New York and New Jersey*,
    698 F.2d 150 (2d Cir. 1983) ................................................................................................. 19
*Prasker v. Asia Five Eight LLC*,
    No. 08 Civ. 5811(MGC), 2010 WL 476009 (S.D.N.Y. Jan. 6, 2010) ................................... 19

*Protective Comm. For Indep. S'holders of TMT Trailer Ferry, Inc. v. Anderson,*
  390 U.S. 414 (1968) ................................................................................................ 15
*Prudential,*
  *II,* 148 F.3d ........................................................................................................... 17
*Realite v. Ark Rests. Corp.,*
  7 F. Supp. 2d 303 (S.D.N.Y.1998) ........................................................................ 25
*Reyes v. Buddha–Bar NYC,*
  No. 08 Civ. 02494, 2009 WL 5841177 (S.D.N.Y. May 28, 2009) ......................... 19
*Riedel,*
  2016 WL 3144375 ........................................................................................... passim
*Robidoux v. Celani,*
  987 F.2d 931 (2d Cir.1993) ................................................................................... 18
*Sand v. Greenberg,*
  No. 08 Civ. 7840(PAC), 2010 WL 69359 (S.D.N.Y. Jan. 7, 2010) ........................ 34
*Seijas v. Republic of Argentina,*
  606 F.3d 53 (2d Cir.2010) ..................................................................................... 22
*Sewell v. Bovis Lend Lease, Inc.,*
  No. 09 CIV. 6548 RLE, 2012 WL 1320124 (S.D.N.Y. Apr. 16, 2012) .................. 23
*Spann v. AOL Time Warner, Inc.,*
  No. 02 Civ. 8238, 2005 WL 1330937 (S.D.N.Y. June 7, 2005)........................ 14, 26
*Steinberg v. Nationwide Mut. Ins. Co.,*
  224 F.R.D. 67 (E.D.N.Y. 2004) ............................................................................. 15
*Tardiff v. Knox County,*
  365 F.3d 1 (1st Cir.2008) ...................................................................................... 16
*Trief v. Dun & Bradstreet Corp.,*
  144 F.R.D. 193 (S.D.N.Y.1992) ............................................................................ 19
*Viafara v. MCIZ Corp.,*
  2014 WL 1777438 (S.D.N.Y. May 1, 2014) .......................................................... 33
*Victor v. Argent Classic Convertible Arbitrage Fund L.P.,*
  623 F.3d 82 (2d Cir. 2010) .................................................................................... 33
*Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.,*
  396 F.3d 96 (2d Cir. 2005)................................................................................ passim
*Weinberger v. Kendrick,*
  698 F.2d 61 (2d Cir.1982)...................................................................................... 32
*Yuzary v. HSBC Bank USA, N.A.,* No. 12 Civ. 3693(PGG),
  2013 WL 5492998 ................................................................................................ 34

## Statutes

28 U.S.C. § 17155.......................................................................................................... 8
28 U.S.C. 1715(d) ........................................................................................................ 35
29 U.S.C. § 216(b) ........................................................................................... 24, 25, 32
29 U.S.C. §§ 2011 .......................................................................................................... 1

## Other Authorities

23 of the Federal Rules .......................................................................................... passim
Fed. R. Civ. P. 23 (e)(2) .............................................................................................. 12
FED. R. CIV. P. 23(d) ................................................................................................ 26

FED. R. CIV. P. 23(g)(1)(A) ................................................................................................ 24
FED. R. CIV. P. 23(h) ........................................................................................................ 32, 35
Rule 23(a) .................................................................................................. 18, 20, 21, 22
Rule 23(a)(1) .................................................................................................................. 18
Rule 23(a)(2) .................................................................................................................. 19
Rule 23(a)(3) .................................................................................................................. 20
Rule 23(b)(3) .................................................................................. 16, 22, 23, 24
Rule 23(e) of the Federal Rules of Civil Procedure .......................... 16, 17, 25, 32
Rule 23(g) ...................................................................................................................... 24

Rules

MANUAL FOR COMPLEX LITIGATION, FOURTH, § 13.14, at 172-73 (2004) ................. 17

Plaintiffs Kaiyun Liang and Xiaohao Fang (collectively "Named Plaintiffs"), on behalf of themselves and the FLSA Collective Members and the Rule 23 Class Members[1] ("the Class and Collective Members", who together with the Named Plaintiffs shall be collectively referred to as "Plaintiffs") by and through their counsel, hereby move the Court for preliminary approval of the proposed class and collective action settlement (set forth in the Settlement Agreement and Release ("Settlement"), annexed hereto as Exhibit 1 to the Declaration of Matthew L. Berman ("MB Decl."). Defendants USA QR Culture Industrial Development LLC d/b/a HUTAOLI MUSIC RESTAURANT & BAR ("Hutaoli"), Wei You and "Jane" Yu (collectively referred to as "Defendants") do not oppose this application. The Settlement will fully and completely settle this matter. Specifically, the Plaintiffs respectfully request that the Court enter the unopposed proposed order attached as Exhibit 2 of the MB Decl. (the "Preliminary Approval Order"):

1) asserting jurisdiction over the claims alleged in the Amended Complaint as to all Defendants, the parties in this action with respect to the claims against the Defendants, and the implementation and administration of the Settlement;

2) preliminarily approving the Settlement as the Settlement falls within the legally acceptable range of reasonableness, and may be adjudicated fair, reasonable, and adequate within the meaning of Rule 23 of the Federal Rules of Civil Procedure (Rule 23") and the Class Action Fairness Act of 2005 ("CAFA");

3) conditionally certifying the proposed Settlement Class pursuant to Section 16(b) of the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 2011 *et seq.* ("FLSA") and Rule 23, for settlement purposes only, as described in the Settlement;

4) appointing the Named Plaintiffs Settlement as class representatives who, together with Class Counsel, shall be authorized to act on behalf of the Class and Collective Members with respect to the claims asserted against Defendants and the Settlement;

5) approving, as to form and content, the Claim Form, Notice Form and Reminder Notice, attached as Exhibits A, B, and C to the Settlement (*see* Exhibit 1 to MB Decl.), and authorizing the first-class mailing of the Notice Form, Claim Form and a postage-paid, pre-addressed return envelope that the Class and Collective Members may use to return the Claim Form to the Claims Administrator ("the Notice Package") to the Class and Collective Members;

---

[1] All capitalized terms not otherwise defined herein shall have the meaning ascribed in the Settlement Stipulation.

6) appointing Valli Kane & Vagnini LLP and Rissmiller PLLC as Class Counsel for the Settlement Class;

7) approving and appointing ILYM Group Inc. (the "Claims Administrator") as the third-party claims administrator who will administer the implementation of the Settlement;

8) setting a sixty (60) calendar day deadline (from the date the Notice Package is postmarked) for the execution and return of fully completed Claim Forms and Requests for Exclusion, or if a Notice Package is remailed, the remainder of the 60-day period or twenty (20) days after remailing of the Notice Package, whichever is longer;;

9) setting a thirty (30) calendar day deadline (from the date the Notice Package is postmarked) for requests to object to the Settlement, or if a Notice Package is remailed, the remainder of the 30-day period or twenty (20) days after remailing of the Notice Package, whichever is longer;

10) approving the sending of a Reminder Notice (via text, email or regular mail) prior to the end of the Claim Period to members of the Settlement Class who have not filed a Claim Form as of that date; and

11) setting the final approval hearing date.

Defendants do not oppose the instant motion and consent to the entry of the proposed order attached as Exhibit 2 to the MB Decl.  In support of their motion for preliminary approval, Plaintiffs submit the following incorporated memorandum.

## I.    <u>INTRODUCTION</u>

Plaintiffs hereby move, unopposed, for preliminary approval of the Settlement, which has been reached after two years of litigation, months of arm's-length and good-faith negotiations, including a Court ordered mediation, a private mediation and a settlement conference before Your Honor. The Settlement reached by Plaintiffs and Defendants includes a monetary Gross Settlement Amount as described more fully in the Settlement.

Plaintiffs are hourly workers who worked for Hutaoli's restaurant in New York City. Plaintiffs are non-exempt employees who, at the time of the commencement of the Class and Collective Litigation, alleged that they were consistently paid late and did not receive spread of

2

hours pay and therefore, pursuant to the FLSA and the New York Labor law, not properly compensated for the work performed. Defendants dispute and deny these allegations.

## II.    FACTUAL & PROCEDURAL BACKGROUND

### A    The Parties' Claims and Defenses

It is Plaintiffs' contention that Defendants' alleged failure to pay Plaintiffs and all other similarly situated employees in a timely manner for all hours worked violates the FLSA and New York Labor Law § 191 (Frequency of Pay).  Plaintiffs also assert claims under New York Labor Law § 195-1(a) (Failure to Provide Wage Notices), New York Labor Law § 191-1(d) (Failure to Provide Wage Statements) and the New York Code, Rules and Regulations, § 146.1.1 ("Spread of Hours Pay").  Plaintiffs further allege that, even upon notice of the late payment allegations, Defendants willfully failed to correct prior late payments, and continued to pay late. Plaintiffs also assert that as all Class and Collective Members are uniformly subjected to the same payroll procedures of late payment pursuant to common policies and plans, the claims are sufficiently suited for class and collective treatment.

At all points during this litigation, Defendants have disputed and deny the allegations and contend that they complied with the law at all times, and that Plaintiffs' claims are not suited for class and collective treatment, other than in the context of this Settlement.

### B    Procedural History and Settlement Negotiation

In the two years since the Complaint was filed, the parties engaged in litigating, mediating, motion practice, settlement negotiations and finalizing the Settlement. Under the Court's Pilot Program, the parties were referred to mediation with a neutral, Marc A. Schwartz, Esq.  In advance of the mediation, Plaintiffs voluntarily produced records to Defendants' counsel for use in the mediation, and submitted a mediation statement ahead of the session, which took place on September 19, 2022. (*See* MB Decl. at ¶ 9). This mediation was unsuccessful in resolving the

matter. The parties continued to engage with one another and the mediator by exchanging additional information relating to payroll records and the financial condition of Defendants' business, which continued until November 1, 2022, when the mediator officially determined the parties were at an impasse. (*See* MB Decl. at ¶ 10).

On December 1, 2022, Defendants substituted new counsel into the case, and the parties continued their dialogue, ultimately agreeing, on March 14, 2023, to engage in additional mediation efforts through private mediation with JAMS mediator Steven Sonnenberg, who is extremely experienced in wage and hour cases both as a prior defense attorney and now as a mediator, which took place on May 10, 2023. (*See* MB Decl. at ¶¶ 11-14). During the mediation session, the parties vigorously debated the size and scope of the claims, the likelihood of the claims' success on the merits, the manner in which potential damages associated with Plaintiffs' claims could be calculated and collected (e.g. on the basis of gross wages or net wages), and whether liquidated damages were available. Plaintiffs also researched and prepared several analyses of key legal issues that were provided to the mediator on topics such as Defendants' ability to pay, the totality of damages, the availability of liquidated damages, and Defendants' burden with respect to defending against those damages. (*See* MB Decl. at ¶¶ 15-16).

As this mediation was also unsuccessful in resolving the matter, the parties moved on to litigation in earnest. Specifically, Plaintiffs sought discovery, and Defendants filed a motion to dismiss certain counts which Plaintiffs opposed. On November 14, 2023, Your Honor issued a Report and Recommendation which denied certain parts of the motion to dismiss and granted others, with leave to amend. Judge Gardephe adopted Your Honor's Report and Recommendation in its entirety. Plaintiffs then sought leave to amend, which was granted, and Defendants subsequently filed their answer. (*See* MB Decl. at ¶¶ 17-19). While briefing was pending on the

motion to dismiss, the parties also continued to engage in written discovery practice and the exchange of documents.

On February 27, 2024, a settlement conference was held before Your Honor which did lead to a successful agreement, in principle. From then until now, the parties have been engaged in extensive negotiations on the non-monetary terms and language of the Settlement as well as the motion papers and the attendant exhibits. The negotiations, while always cordial and professional, were conducted at arm's length. (*See* MB Decl. at ¶¶ 22-24).

Thus, in preparation for each mediation session and the settlement conference, and throughout the course of the litigation, Plaintiffs' Counsel conducted a significant factual investigation into the Plaintiffs' claims which included obtaining spreadsheet data and exchanging information concerning pay stubs and the timing of payments. Plaintiffs' Counsel also investigated and analyzed the applicable state and federal law as applied to the facts discovered with regard to the late payment claims asserted and the potential defenses thereto. (*See* MB Decl. at ¶¶ 15-16).

The parties and their counsel recognize that, in the absence of an approved settlement, they would face a long and uncertain litigation course, motions related to conditional certification, class certification and decertification of the conditional, additional formal discovery, motions for summary judgment, trial and potential appellate proceedings. The litigation would consume significant amounts of time and resources and present the parties with ongoing litigation risks and uncertainties. The parties desire to avoid these risks and uncertainties, as well as the loss of time and resources, and thus determined that a settlement pursuant to the terms and conditions of the Settlement would be more beneficial than litigation. MB Decl. at ¶ 24. Plaintiffs' Counsel believe

the terms of the Settlement are in the Plaintiffs' best interest and are fair, reasonable, and adequate. *Id*.

III.    **SUMMARY OF THE SETTLEMENT**

A    **Definition of Settlement Class**

In order to effectively obtain resolution of Plaintiffs' claims, the proposed Settlement encompasses both claims arising under the FLSA, in the form of a collective action resolution, and claims arising under the NYLL and New York Code, in the form of a Rule 23 class action resolution.    Thus, to effectuate their proposed Settlement,[2] Plaintiffs and Defendants seek preliminary approval of the certification of the Settlement Classes defined as follows:

**FLSA Collective Class**

**FLSA Collective Class – All hourly workers employed by Hutaoli within the State of New York from June 8, 2019 through the date of the Preliminary Approval Order;**

**Rule 23 Settlement Class**

**Rule 23 Settlement Class – All hourly workers employed by Hutaoli from June 8, 2016 through the date of the Preliminary Approval Order;**

*See* Settlement § 3.1.

---

[2] Though Defendants would, in the course of litigation, oppose the merits of the Plaintiffs' claims and oppose the certification of any collective under Section 216(b) of the FLSA and the certification of any class under Federal Rule of Civil Procedure 23, they do not oppose the instant motion for preliminary approval of the proposed settlement or the certification of the proposed settlement classes for settlement purposes only.  To the extent that the Court does not grant preliminary or final approval of the proposed Settlement, Defendants reserve the right to raise any argument with respect to the merits of the Plaintiffs' claims or the appropriateness of the certification of any FLSA collective or Rule 23 class that they might have otherwise undertaken in litigation, and to make arguments that are contrary to the positions taken by the Plaintiffs in this memorandum and Plaintiffs reserve the right to expand on those arguments.

B        **Qualified Settlement Fund**

The Settlement provides that, if approved, Defendants will pay a Gross Settlement Amount of Five Hundred Eighty-Two Thousand and Five Hundred Dollars ($582,500.00), into a qualified settlement fund ("QSF") to resolve the claims as detailed in the Settlement, plus an additional amount towards Defendants' Payroll Taxes which together is defined as the Maximum Amount. Additionally, Defendants shall pay the costs related to the CAFA notices (not payable from the QSF) (*see* Settlement at §1.24, §1.37, §2.2)

1        **Settlement Payments**

Under the  Settlement, each Class and Collective Member is eligible to receive a pro rata share of the Net Settlement Amount based upon a formula considering the number of weeks they worked for Defendants (from June 8, 2016 through the date of the Preliminary Order for the Rule 23 Settlement Class, and from June 9, 2019 through the date of the Preliminary Order for the FLSA Collective Class).  Settlement §§ 3.51 – 3.5.1.5.  Any unclaimed funds will revert to the Class and Collective Members on a pro rata basis.  *Id*. at §3.2.3.

To maximize participation, the Settlement provides for the Claims Administrator to engage in several layers of outreach to the Class and Collective Members, including providing a Claim Form, Notice Form, Reminder Notice, email, text and/or mail notification, as well as setting up an interactive website that will house all relevant information for the settlement as well as allow for submission of the Claim Form through a portal on the website.  All Class Members who do not opt-out and/or submit a Request for Exclusion will be sent a Settlement Check.

i        *Claims Administration*

If approved by the Court, the QSF would be administered by an independent and experienced third-party settlement administrator, ILYM Group, Inc. ("the Claims Administrator") who will handle the management and distribution of the QSF. The Claims Administrator has

substantial experience and expertise carrying out these duties which include, but are not limited to, the determination of awards for valid claims, compliance with all applicable tax reporting, and payment of taxes on such awards. Settlement § 1.6. In addition to the QSF, Defendants will pay for notices required by the Class Action Fairness Act, CAFA, 28 U.S.C. § 17155. Settlement § 1.6.

ii       ***Notice Plan and Release***

The notice plan under the Settlement comports with best practices regarding notice and claim administration to make participation as easy as possible for the Class and Collective Members. For example, the Claims Administrator is required to, *inter alia*, finalize and mail the Notice Packet to Class and Collective Members; maintain a website where the Notice Form and Claim Form can be downloaded; and independently respond to the inquiries of Class and Collective Members regarding relevant procedures. Settlement §§ 1.5, 2.3.5, 2.4.5. If the Notice Package is returned by the post office as undeliverable, the Claims Administrator will take reasonable steps to obtain corrected addresses using skip tracing to ascertain current address and addressee information, and promptly re-mail the Notice Package to the Class and Collective Member for whom a new address is found. Settlement § 2.4.4. The Claims Administrator may also utilize other reasonable methods to reach Class and Collective Members such as texting, emailing or mailing the Reminder Notice. § 2.4.5

The Settlement provides that the Claims Administrator shall send the Notice Package to each Class and Collective Member. Upon receipt, Class and Collective Members may timely submit a fully completed Claim Form so that it is received by the Claims Administrator within the Claim Period. *See* Settlement § 1.5.

For FLSA Collective Class Members who timely submit fully completed Claim Forms or who cash their Settlement Checks, Defendants will obtain a release of all claims identified in Sections 1.23, 1.39 and 1.45 of the Settlement.

For members of the Rule 23 Settlement Class who do not timely submit a valid and enforceable Request for Exclusion, their claims (as defined under the terms of the Settlement) will also be released and barred by the Settlement once it is final. However, their FLSA claims will only be released if they timely submit a fully completed Claim Form or cash a Settlement Check, through which they will be deemed to have opted into the FLSA Collective Class, and to have become a Participating Class Member.  *See* Settlement §§ 2.9.4, 3.1, 4.1.2.

Using the Class List, which will be provided by Defendants, the Claims Administrator will make reasonable efforts to ensure that each Class and Collective Member receives a Notice Package, which shall set forth: the material settlement terms; instructions on how Class and Collective Members may participate in the Settlement; instructions on how Class and Collective Members may exclude themselves from, or submit objections to, the Settlement; and when and where to appear at the final approval hearing, among other important information.  A copy of the proposed Claim Form, Notice Form, and Reminder Notice are attached as Exhibits A, B, and C respectively, to the Settlement, which is Exhibit 1 to this motion).

The Settlement will become effective thirty-file (35) calendar days after entry of the Final Approval Order, if no appeal or taken, or if an appeal is taken, the date on which all such appeals (including, *inter alia*, petitions for rehearing or reargument, petitions for rehearing *en banc*, and petitions for *certiorari* or any other form of review) have been finally adjudicated and the Final Approval Order can no longer be appealed or reviewed (the "Effective Date"). *See* Settlement §1.17.  The Claims Administrator will mail out two tranches of Settlement Checks to Participating Class Members.  The first payment will be mailed within twenty calendar days after the later of: (i) the effective date or (ii) the QSF containing sufficient funds for the first half of the settlement payments.  *See* Settlement § 1.48.  The second payment shall be paid within the sooner of: (i) 9

months of the first payment, or (ii) within twenty calendar days of the QSF containing sufficient funds. *Id*.

iii      ***Plan of Allocation***

The Settlement includes a proposed plan of allocation (*See* Settlement § 3.5), based on a formula that is explicitly fair to each Class and Collective Member based on the number of weeks worked by a Class and Collective Member. Rule 23 Settlement Class Members will receive one point afor each week worked during the six-year statute of limitation period applicable to the Rule 23 Settlement Class Member's claims. FLSA Collective Members who submit a Claim Form will receive one additional point for each week worked within the three-year statute of limitation period applicable to the FLSA Collective Class Member's claims. The Net Settlement Amount will be divided by the aggregate number of points accrued by the Participating Class Members.

The Claims Administrator will calculate the Net Settlement Amount from the Gross Settlement Amount by setting aside a portion of the QSF sufficient to pay Court-approved Attorneys' Fees and Lawsuit Costs, Service and Release Payments, and Claims Administrator Fees and Costs approved by the Court. Settlement § 1.27. Each Class Member will be informed of the proposed amount of their *pro rata* share of the Net Settlement Amount in their Notice Form. At the expiration of the Claim Period, the Claims Administrator will allocate the Net Settlement Amount to Class Members, dividing it among them by the aggregate number of points accrued under the plan of allocation, and with reversion of any unclaimed funds (i.e. funds from those who opted out and/or from uncashed checks) to members of the settlement class on a pro rata basis. *See* Settlement §§3.2, 3.5.

Since Plaintiffs' alleged Spread of Hours claims make up approximately $1/9^{th}$ of their claims and liquidated damages make up approximately $8/9^{ths}$ of the claim, for tax purposes, 11% of the payments to the Class and Collective Members shall be treated as W-2 wage payments and

10

the remainder (89%) of such payments shall be treated as 1099 non-wage income as liquidated damages, statutory penalties and interest.  *See* Settlement § 3.6.1. The employer's portion of payroll taxes will come from the QSF from the Maximum Settlement Amount which is the Gross Settlement Amount plus Defendants portion of payroll taxes, meaning Defendants are responsible for their own payroll expenses on top of the Gross Settlement Amount.

2      **Service Payments**

Plaintiffs intend to apply to this Court for one-time Service Payments to the Named Plaintiffs for $5,000 each.  Settlement § 1.46.  These payments are intended to recognize the time and effort that the Named Plaintiffs have expended on behalf of the class in assisting Plaintiffs' Counsel with the prosecution and settlement of the Plaintiffs' claims, the consequent value they have conferred to the Class and Collective Members and the personal risk inherent in agreeing to be a class plaintiff in a publicly filed lawsuit. Additionally, the Settlement calls for the Named Plaintiffs to receive $1,000 each in exchange for a general release (rather than the limited release of wage claims pertaining to the Class and Collective Members).  Settlement § 1.40.

C      **Attorneys' Fees and Lawsuit Costs**

Pursuant to the Settlement, Plaintiffs' Counsel will petition the Court for Attorneys' Fees and Lawsuit Costs of up to one third (1/3) of the Gross Settlement Amount. Settlement § 3.3.  The Attorneys' Fees and Lawsuit Costs application will be filed in conjunction with a Final Approval Motion with respect to the Settlement.  If this Court reduces the Attorneys' Fees and Lawsuit Costs sought for any reason, only the reduced amount will be deemed to be Class Counsel's Attorneys' Fees and Lawsuit Costs, and any remaining amount shall become part of the Gross Settlement Amount.  Settlement § 3.3.1.2.

D        **Proposed Schedule for Preliminary Approval**

The Plaintiffs request that, along with granting preliminary approval of the Settlement, the Court adopt the schedule set forth below and more fully in the Settlement, for the Parties to effectuate the various steps in the settlement approval process under the Settlement:

| Event | Dates Proposed in Settlement |
|---|---|
| Settling Defendants Provide Claims Administrator Class List | Within 5calendar days of the Court's Issuance of Preliminary Approval Order |
| Claims Administrator to calculate Estimated Settlement Payment | 14 days after receipt of Class List |
| Counsel review calculations | 8 days after provided calculations |
| Claims Administrator to finalize Estimated Settlement Payments | 5 days after receiving comments from Counsel |
| Claims Administrator to mail Notice Form | 35 days after Preliminary Approval |
| Reminder Notice | 30 days after Notice sent out |
| Objections Deadline | 30 days after Notice is mailed or up to 50 days for those who had Notice re-mailed |
| Claim/Request for Exclusion Deadline | 60 days after Notice mailed out or up to 80 days for those who had Notice re-mailed (CLAIM/EXCLUSION DEADLINE) |
| Days for Claims Administrator to provide counsel with Final Settlement payment information – FINAL SETTLEMENT AMOUNT | 30 days after end of Claim Period |
| Fed. R. Civ. P. 23 (e)(2) Final Approval Hearing | Date Determined  by Court |
| Order Granting Final Approval of the Class Action Settlement | Date Determined by Court |
| Effective Date | 35 days after Final Order (or if an appeal is taken from the Final Approval Order, the date on which all such appeals (including, *inter alia*, petitions for rehearing or reargument, petitions for rehearing *en banc*, and petitions for *certiorari* or any other form of review) have been finally adjudicated and the Final Approval Order can no longer be appealed or reviewed) |
| Settling Defendants to transfer Gross Settlement Amount to QSF | 10 days after Effective Date |

| Claims Administrator to make Payments to Participating Class Members (including Service Payments) (via check), Class Counsel & Claims Administrator (via wire) | 20 days after Effective Date |
| --- | --- |

Plaintiffs submit that the Settlement satisfies all the criteria for preliminary settlement approval under federal and state law in that it falls well within the range of possible approval, and is fair, reasonable and adequate.  Plaintiffs' Counsel believes that resolution of the class's claims is in the best interest of Class and Collective Members in light of all known facts and circumstances, including the significant risks and delays of litigation that are presented by the defenses and potential pre-trial/ appellate issues, and the solvency issues Defendants have asserted. MB Decl. at ¶¶ 10, 15-16, 25.  A resolution of the claims at this early stage – rather than following a year or more of discovery, conditional certification and Rule 23 certification motions and briefing, potential post-certification further discovery, pretrial proceedings and potential trial, and the costs attendant upon and likely to be incurred through such activities – most certainly greatly inures to the benefit of Plaintiffs.  (MB Decl. at ¶¶ 10, 15, 16, 25). In addition, the Named Plaintiffs approve of and consent to the Settlement. Thus, Plaintiffs request that this Court grant this Unopposed Motion for Preliminary Approval of the Class and Collective Action Settlement.

**IV.    ARGUMENT AND AUTHORITIES**

By this Motion, the Plaintiffs seek preliminary approval of the Settlement.  To approve a class action settlement, the court must find that the settlement agreement is "fair, adequate, and reasonable, and not a product of collusion."  *Joel A. v. Giuliani*, 218 F.3d 132, 138-39 (2d Cir. 2000). Fairness is determined upon review of both the terms of the settlement agreement and the negotiating process that led to the agreement. *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 116 (2d Cir. 2005).  "A presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after

meaningful discovery." *Id.* (internal quotations and citations omitted). The settlement of class action cases is strongly encouraged by the courts. *Id.* at 116-17; *see also In re EVCI Career Colls. Holding Corp. Sec. Litig.,* No. 05 Civ. 10240, 2007 WL 2230177, at *4 (S.D.N.Y. July 27, 2007); *Spann v. AOL Time Warner, Inc.,* No. 02 Civ. 8238, 2005 WL 1330937, at *6 (S.D.N.Y. June 7, 2005); *Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 474 (S.D.N.Y. 2013).

"Most class actions are inherently complex and settlement avoids the costs, delays and multitude of other problems associated with them." *In re Austrian and German Bank Holocaust Litig.*, 80 F.Supp.2d 164, 174 (S.D.N.Y.2000), *aff'd*, 236 F.3d 78 (2d Cir. 2001). Settlement also spares the litigants the uncertainty, delay and expense of trial while simultaneously reducing the burden on judicial resources. *See Hernandez v. Merrill Lynch & Co., Inc.*, No. 11 Civ. 8472 (KBF)(DCF), 2012 WL 5862749, at *2 (S.D.N.Y. Nov. 15, 2012) (endorsing settlement of wage and hour class action); *Castagna v. Madison Square Garden, L.P.*, NO. 09 Civ. 10211(LTS)(HP), 2011 WL 2208614, at *6 (S.D.N.Y. June 7, 2011) (commending plaintiffs' attorneys for negotiating early settlement); *Diaz v. E. Locating Serv. Inc.*, No. 10 Civ. 2082 (JCF), 2010 WL 5507912, at *3 (S.D.N.Y. Nov. 29, 2010) (granting final approval of pre-suit class settlement in wage and hour case).

As discussed more fully below, there is clear evidence that the Settlement is fair, adequate and reasonable and well within the range of possible outcomes and thus should be preliminarily approved.

A      **Preliminary Class Certification is Appropriate**

To approve the class-wide settlement of the Plaintiffs' claims, the Court must conditionally certify the FLSA Collective Class and Rule 23 Settlement Class for settlement purposes only. *See, e.g.*, *Chambery v. Tuxedo Junction Inc.*, 10 F. Supp. 3d 415, 419 (W.D.N.Y. 2014) (granting conditional certification of Class for settlement purposes); *Cohen v. J.P. Morgan Chase & Co.*,

14

262 F.R.D. 153, 158 (E.D.N.Y. 2009) (same).  The ultimate determination of whether a proposed class action settlement warrants approval resides in the court's discretion.  *Protective Comm. For Indep. S'holders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424-25 (1968).  District courts have broad discretion in deciding whether to certify a Rule 23 class or FLSA collective. *Maywalt v. Parker & Parsley Petroleum Co.,* 67 F.3d 1072, 1079; *Chambery*, 10 F. Supp. 3d at 419; *Steinberg v. Nationwide Mut. Ins. Co.,* 224 F.R.D. 67, 72 (E.D.N.Y. 2004); *Cohen*, 262 F.R.D. at 158; *In re Gen. Motors Corp. Pick-up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 785 (3rd Cir. 1995) ("GM Trucks") (holding that in a class action, the ". . . court plays the important role of protector of the [absent members'] interests, in a sort of fiduciary capacity.").  As discussed more fully below, certification of the class sought by the Parties is appropriate to implement their Settlement.

Pursuant to the Settlement, the Parties have stipulated, for settlement purposes only, to the FLSA Collective Class and Rule 23 Settlement Class defined in Section III(A) above and in Section 3.1 of the Settlement. The Plaintiffs seek certification of the FLSA Settlement Collective pursuant to federal case law and seek preliminary certification of the Plaintiffs' Rule 23 Settlement Class pursuant to Fed. R. Civ. P. 23. Federal Courts routinely certify such hybrid FLSA collectives and state law Rule 23 Class for settlement.  *See, e.g.*, *Beckman*, 293 F.R.D. at 476 (certifying a federal collective under the FLSA and state law settlement Class under Rule 23 at preliminary and final approval stages); *Riedel*, 2016 WL 3144375, at *8 (certifying a federal collective under the FLSA and state law settlement class under Rule 23, and granting preliminary approval of the settlement agreement).

The Second Circuit has established that where common issues exist, courts should err in favor of granting class-action certification.  *See Levitt v. J.P. Morgan Secs., Inc.*, 710 F.3d 454,

464 (2d Cir.2013) (on appellate review, less deference given to decisions denying class certification that to decisions granting certification). This is also the case in other circuits. *See, e.g.*, *Tardiff v. Knox County*, 365 F.3d 1, 5 (1st Cir.2008) (courts should "view the issue . . . in favor of class action status"); *Eisenberg v. Gagnon*, 766 F.2d 770 (3d Cir.1985) ("[t]he interests of justice require that in a doubtful case . . . any error, if there is to be one, should be committed in favor of allowing a class action").

### 1    The Standards and Procedures for Preliminary Approval

Rule 23(e) of the Federal Rules of Civil Procedure provides the mechanism for settling a putative Rule 23 class action, including, as here, through Rule 23 Class certified for settlement purposes only:

> The claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval. The following procedures apply to a proposed settlement, voluntary dismissal, or compromise:
>
> > (1) The court must direct notice in a reasonable manner to all class members who would be bound by the proposal.
> >
> > (2) If the proposal would bind class members, the court may approve it only after a hearing and on finding that it is fair, reasonable, and adequate.
> >
> > (3) The parties seeking approval must file a statement identifying any agreement made in connection with the proposal.
> >
> > (4) If the class action was previously certified under Rule 23(b)(3), the court may refuse to approve a settlement unless it affords a new opportunity to request exclusion to individual class members who had an earlier opportunity to request exclusion but did not do so.
> >
> > (5) Any class member may object to the proposal if it requires court approval under this subdivision (e); the objection may be withdrawn only with the court's approval.

FED. R. CIV. P. 23(e); *Amchem Prods. v. Windsor,* 521 U.S. 591, 617 (1997); *Durett*, 896 F.2d at 604.

In determining whether preliminary approval is warranted, the primary issue before the Court is whether the proposed settlement is within the range of what might be found fair, reasonable and adequate, so that notice of the proposed settlement should be given to class members, and a hearing scheduled to determine final approval. *See* MANUAL FOR COMPLEX LITIGATION, FOURTH, § 13.14, at 172-73 (2004) ("MANUAL FOURTH") (at the preliminary approval stage, "The judge must make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms and must direct the preparation of notice of the certification, proposed settlement, and date of the final fairness hearing."). Preliminary approval permits notice of the hearing on final settlement approval to be given to the class members, at which time class members and the settling parties may be heard with respect to final approval. *Id.* at 322. Preliminary approval is therefore the first step in a two-step process required before a class action may be finally settled. *Id.* at 320. In some cases, this initial assessment can be based on information already known to the court and then supplemented by briefs, motions and an informal presentation from the settling parties. *Id.* at 320-21.

In deciding whether a settlement should be preliminarily approved under Rule 23, courts look to whether there is a basis to believe that the final approval standard will be satisfied. *See* MANUAL FOURTH at § 21.633, at 321 ("Once the judge is satisfied as to the certifiability of the class and the results of the initial inquiry into the fairness, reasonableness, and adequacy of the settlement, notice of a formal Rule 23(e) fairness hearing is given to the class members.") The standard for final approval of a settlement consists of showing that the settlement is fair, reasonable, and adequate. *See, e.g.*, *Durett*, 896 F.2d at 604; In re *Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions,* 148 F.3d at 316-17; *GM Trucks,* 55 F.3d at 785.

As set forth below, all the elements of Rule 23 are met with respect to the proposed

Settlement.  Therefore, class certification for settlement purposes under Rule 23 is warranted here.

## 2      The Prerequisites of Rule 23(a) are Satisfied

To maintain a lawsuit as a class action under Rule 23 of the Federal Rules of Civil Procedure, a named plaintiff must establish each of the four threshold requirements of subsection (a) of the Rule, which provides:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R Civ. P. 23(a).  Here, Plaintiffs contend that all four elements are satisfied.

### a.      *The Class Are Sufficiently Numerous.*

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable."  Fed. R. Civ. P. 23(a)(1).  "Impracticable does not mean impossible."  *Robidoux v. Celani*, 987 F.2d 931, 935 (2d Cir.1993).  Rather, it refers to the burden that would be imposed by joinder. *See Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir.1995); *Noble v. 93 Univ. Place Corp.*, 224 F.R.D. 330, 338 (S.D.N.Y.2004).  Generally, a potential class of forty members is presumed sufficiently numerous.  *See Consol. Rail Corp.*, 47 F.3d at 483 ("[N]umerosity is presumed at a level of 40 members. . . .").

Numerosity is not in dispute here.  To date, Defendants have identified over fifty individuals who would be members of the Settlement Class.  While joinder of these individuals may not be impossible, it is nonetheless impracticable under the circumstances of this case.  The more efficient use of judicial resources counsels in favor of class certification.  Therefore, the numerosity requirement is met.  *See Riedel*, 2016 WL 3144375, at *3 (numerosity requirement was met where parties asserted that there were approximately 130 class members).

b.    *There Are Common Questions of Law or Fact.*

Rule 23(a)(2) requires that there be "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). The claims by each individual need not be identical, but there must be common questions of fact or law. *Port Authority Police Benev. Ass'n, Inc. v. Port Authority of New York and New Jersey*, 698 F.2d 150, 153-54 (2d Cir. 1983); *see also Riedel*, 2016 WL 3144375, at *3 ("Commonality is established where the claims share a common issue of law or fact"). Thus, commonality is established where "the disputed issue of law or fact occupies essentially the same degree of centrality to the named plaintiffs' claims as to that of the other members of the proposed class." *Chambery*, 10 F. Supp. 3d at 420 (quoting *Dodge v. County of Orange*, 208 F.R.D. 79, 88 (S.D.N.Y. 2002)). Courts have generally construed the commonality requirement liberally, requiring only one issue be common to all class members. *See Trief v. Dun & Bradstreet Corp.*, 144 F.R.D. 193, 198-99 (S.D.N.Y.1992).

Here, commonality is met for settlement purposes because the claims of the Class Representatives and those of the Settlement Class are predicated on common issues of alleged fact and law, including but not limited to (1) whether Defendants paid Plaintiffs timely as required by the FLSA and the NYLL, (2) whether Defendants paid Plaintiffs the statutorily required "spread of hours" pay for days worked in excess of ten (10) hours, and (3) whether Defendants provided wage notices and accurate wage statements to Plaintiffs. *See*, *e.g.*, *Prasker v. Asia Five Eight LLC*, No. 08 Civ. 5811(MGC), 2010 WL 476009, at *2 (S.D.N.Y. Jan. 6, 2010) (commonality satisfied where Plaintiffs and Class Members share common issues of fact and law, including whether Defendants failed to pay proper overtime pay); *Reyes v. Buddha–Bar NYC,* No. 08 Civ. 02494, 2009 WL 5841177, at *2 (S.D.N.Y. May 28, 2009) (same); *Mohney v. Shelly's Prime Steak, Stone Crab & Oyster Bar,* No. 06 Civ. 4620, 2009 WL 5851465, at *3 (S.D.N.Y. Mar. 31, 2009) (same);

*Castagna v. Madison Square Garden, L.P.*, No. 09-CV-10211 LTS HP, 2011 WL 2208614, at *3 (S.D.N.Y. June 7, 2011) (same); *Morris v. Affinity Health Plan, Inc.*, 859 F.Supp.2d 611, 615-16 (S.D.N.Y. 2012) (same).

        c.     *The Claims or Defenses Are Typical.*

Rule 23(a)(3) requires that a representative plaintiff's claims or defenses be "typical" of those other class members.[3] A representative party establishes typicality when "each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the Defendants' liability." *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992). Typicality does not require that the "'factual predicate of each claim be identical to that of all class members'; rather, it 'requires that the disputed issue of law or fact'" be considered equally central in both named class representative's claims as it is in the claims of the class members. *Attenborough v. Const. and Gen. Bldg. Laborers' Local 79*, 238 F.R.D. 82, 94 (S.D.N.Y.2006) (quoting *Caridad v. Metro-North Commuter R.R.*, 191 F.3d 283, 293 (2d Cir.1999)).

Here, typicality is satisfied because the Named Plaintiffs and the Class and Collective Members worked for Hutaoli in similar server (ie: front of house") positions at Hutaoli's New York City location and allege they were subjected to the same employment practices regarding the payment of their wages. Thus, Plaintiffs' claims are "typical" of those in the Settlement Class. Further, the typicality requirement is met because the Plaintiffs' claims arise from an alleged common course of conduct by Defendants in allegedly failing to pay for spread of hours pay and on time in violation of state law. *See, e.g.*, *Long v. HSBC USA Inc.*, No. 14 Civ 6233, 2015 WL 5444651, at *7 (S.D.N.Y. Sept. 11, 2015) (typicality requirement satisfied where class members

---

[3] The commonality and typicality requirements of Rule 23(a) "tend to merge." *Gen.Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 157 n. l3 (1982).

"were all employed by Defendants[] to do similar work and . . . did not receive overtime pay under the same policy"); *Hernandez v. Merrill Lynch & Co., Inc.*, No. 11 Civ. 8472, 2013 WL 1209563, at *3 (S.D.N.Y. Mar. 21, 2013) (typicality satisfied where "[p]laintiffs' [overtime] claims arose from the same factual and legal circumstances that form[ed] the bases of the [c]lass [m]embers' claims"); *Morris*, 859 F.Supp.2d at 616 (same). Thus, for purposes of settlement the Plaintiffs contend that the case each Class and Collective Member would present the same claims (hence, commonality) and the Named Plaintiffs themselves would put on that case (hence, they contend their claims are typical).

> d.    *Class Counsel and The Class Representatives Are Adequate.*

The final requirement of Rule 23(a) set forth in subsection (1)(4), requires that "the representative parties will fairly and adequately protect the interests of the class." FED. R. CIV. 23(a). In the Second Circuit, the requirement of adequate representation is met when two factors are met: (1) class counsel is qualified and able to conduct the proposed litigation, and (2) the class representative must not have interests antagonistic to those of the other class members. *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d at 291; *Cordes & Co. Fin. Servs., Inc. v. A.G. Edwards & Sons, Inc.*, 502 F.3d 91, 99 (2d Cir.2007).

Here, both factors are satisfied. Plaintiffs' attorneys, proposed Class Counsel, are experienced and competent in complex litigation, specifically including the litigation and settlement of wage and hour cases and have and will continue to act as vigorous advocates for their clients. *See* MB Decl. at ¶¶ 27-36. In addition, the Named Plaintiffs contend that they have no interests antagonistic to the Settlement Class and have demonstrated allegiance to the litigation of the claims and Settlement Class through their patience and active participation in the settlement process on behalf of the Settlement Class.

Having demonstrated that each of the mandatory requirements of Rule 23(a) are satisfied here, Plaintiffs now turn to consideration of the factors which, independently, justify certification of the NYLL Settlement Class under subdivision 23(b)(3).

### 3    The Prerequisites of Rule 23(b)(3) are also Satisfied

Under Rule 23(b)(3) a class action may be maintained if:

> the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

FED. R CIV. P. 23(b)(3).

When assessing predominance and superiority, the court may consider that the class will be certified for settlement purposes only. *See Amchem,* 521 U.S. at 618-620.  A showing of manageability of trial is not required.  *Id.*  The test is "whether proposed Class are sufficiently cohesive to warrant adjudication by representation."  *Id.* at 623.

### a.    *Common Issues Predominate*.

Although Rule 23(b)(3) requires that common issues of law and fact predominate, it does not require that there be an absence of any individual issues.  *See, e.g.*, *Noble v. 93 Univ. Place Corp.*, 224 F.R.D. 330, 345 (S.D.N.Y. 2004).  Thus, Plaintiffs are not required to prove that each "elemen[t] of [their] claim [is] susceptible to classwide proof."  *Amgen, Inc. v. Connecticut Ret. Plans & Trust Funds*, 133 S. Ct. 1184, 1196 (2013) (quotations marks and citations omitted).

The Second Circuit recognizes that the need for some individualized determinations as to liability and/or damages do not defeat class certification.  *See Seijas v. Republic of Argentina*, 606

F.3d 53, 58 (2d Cir.2010).  To be sure, Rule 23(b)(3) does not require that all questions of law or fact be common.  *See, e.g.*, *Sewell v. Bovis Lend Lease, Inc.*, No. 09 CIV. 6548 RLE, 2012 WL 1320124, at *5 (S.D.N.Y. Apr. 16, 2012).

Here, Plaintiffs are unified by common factual allegations—*i.e.*, that class and collective members were subjected to the same allegedly unlawful wage and hour policies, which resulted in the late payment of wages, the failure to issue spread of hours pay, and the failure to remit wage notices and accurate wage statements.  The class members are also unified by a common legal theory—*i.e.*, that Defendants' wage and hour policies allegedly violate the FLSA and NYLL.  These common issues predominate over any issues affecting only individual class members.

        b.     *Class Settlement is Superior to Other Methods*.

The superiority requirement is also satisfied. Superiority analyzes whether "the class action device [is] superior to other methods available for a fair and efficient adjudication of the controversy."  *Green v. Wolf Corp.*, 406 F.2d 291, 301 (2d Cir.1968).  Rule 23(b)(3) sets forth a non-exclusive list of relevant factors, including whether individual class members wish to bring, or have already brought, individual actions; and the desirability of concentrating the litigation of the claims in a particular forum.  Fed. R. Civ. P. 23(b)(3).

Class adjudication of this case is superior to individual adjudication because it will conserve judicial resources and is more efficient for Class and Collective Members, particularly those who lack resources to bring their claims individually.  Furthermore, settling as a group gives Class and Collective Members an opportunity to obtain prompt, predictable and certain relief, whereas individualized litigation carries with it great uncertainty, risks and costs. Class settlement would also relieve judicial burdens that would be caused by adjudication of the same issues in multiple trials. Finally, concentrating the litigation in this Court is desirable because the wrongful

conduct alleged occurred within this jurisdiction.

Accordingly, Plaintiffs contend that the Settlement Class should be preliminarily certified under Rule 23(b)(3) for settlement purposes.

### 4    Rule 23(g) is satisfied

Rule 23(g) requires a court that certifies a class to appoint class counsel, taking into consideration four factors: (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) the counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class. FED. R. CIV. P. 23(g)(1)(A).

Proposed Class Counsel, Valli Kane & Vagnini LLP and Rissmiller will satisfy these criteria in their Motion for Final Approval. First, Plaintiffs' counsel has spent numerous hours investigating this case, interviewing Plaintiffs and opt-in Plaintiffs, and reviewing documents provided by Defendants. MB Decl. at ¶¶ 4-9. 12-25. Second, Plaintiffs' counsel has experience in prosecuting and litigating large-scale wage and hour collective and class actions such as this. *Id*. at 26-36. Third, Plaintiffs' counsel has extensive knowledge of this area of the law, having prosecuted several wage and hour actions on behalf of workers in the past. *Id*. Fourth, Plaintiffs' counsel has the resources to effectively prosecute this action. *Id*.

### B    The FLSA Collective Action Satisfies 29 U.S.C. § 216(b)

This case is also appropriate for certification under the FLSA, 29 U.S.C. § 216(b). Under the FLSA, an action may be maintained by an employee or employees on behalf of others who are "similarly situated." 29 U.S.C. § 216(b). Courts in the Second Circuit apply a two-step process to determine whether an action should be certified as a FLSA collective action. *See Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357, 367-68 (S.D.N.Y. 2007) (McMahon, J.);

24

*Guzelgurgenli v. Prime Time Specials, Inc.*, 883 F.Supp. 2d 340, 345 (E.D.N.Y. 2012) (Spatt, J.).
At the first stage, this determination is made using a fairly lenient standard, which typically results
in "conditional certification" of a representative class.    *Lynch*, 491 F. Supp. 2d at 368;
*Guzelgurgenli*, 883 F. Supp. 2d at 345 (quoting *Realite v. Ark Rests. Corp.*, 7 F. Supp. 2d 303, 306
(S.D.N.Y.1998) (Sotomayor, J.)).

Here, the Plaintiffs contend that the members of the proposed collective are similarly
situated for purposes of certification of a collective action under the FLSA, 29 U.S.C. § 216(b).
Plaintiffs allege the Named Plaintiffs and Class and Collective Members, as hourly workers
employed at Hutaoli's restaurant, engaged in the same basic job duties.  Plaintiffs have alleged a
failure to pay on time for all hours worked in each workweek in violation of the FLSA as set forth
more fully above. Accordingly, sufficient similarity is present such that certification of settlement
ClassClass under 29 U.S.C. § 216(b) is appropriate.

C    **The Settlement is Non-Collusive, Fair, Adequate and Reasonable**

Court approval (or approval by the U.S. Department of Labor) is required for settlements
of FLSA claims.  *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015).
Similarly, Rule 23(e) requires court approval of settlement of class actions. Fed. R. Civ. P. 23(e).

There is a "strong judicial policy in favor of settlements, particularly in the class action
context," and a settlement should be approved if it is "fair, adequate, and reasonable, and not a
product of collusion." *Wal-Mart Stores, Inc.*, 396 F.3d at 116 (quoting *In re PaineWebber Ltd.
Partnerships Litig.*, 147 F.3d 132, 138 (2d Cir. 19980 *Joel A. v. Giuliani*, 218 F.3d 132, 138 (2d
Cir. 2000)).   In deciding whether to approve a settlement, a court must look at both "the
settlement's terms and the negotiating process leading to the settlement." *Id*.

Because a collective action under the FLSA requires individuals to opt in before they are
bound (rather than opt out in order not to be bound, as in the Rule 23 class action context),

"settlement of a collective action does not implicate the same Due Process concerns as the settlement of a class action," and therefore is subject to less searching scrutiny. *Lizondro-Garcia v. Kefi LLC*, 300 F.R.D. 169, 179 (S.D.N.Y. 2014). In most cases, a settlement that meets the standards of Rule 23 will also "reflect a fair and reasonable compromise of disputed issues" under the FLSA. *Id*. The Court should "therefore focus on the standards of Rule 23" when deciding whether to approve a class settlement agreement. *Riedel v. Acqua Ancien Bath New York LLC*, No. 14 CIV. 7238 (JCF), 2016 WL 3144375, at *6 (S.D.N.Y. May 19, 2016).

Under Rule 23, before granting final approval of a proposed class action settlement, the Court will be asked to find that the settlement is fair, reasonable and adequate. *See, e.g.*, FED. R. CIV. P. 23(d); *Diaz v. E. Locating Serv. Inc.*, No. 10 Civ. 2082 (JCF), 2010 WL 5507912, at *3 (S.D.N.Y. Nov. 29, 2010). Courts examine procedural and substantive fairness considering the "strong judicial policy favoring settlements" of class action suits. *Wal-Mart Stores, Inc.*, 396 F.3d at 116; *see also Spann v. AOL Time Warner, Inc.,* No. 02 Civ. 8238DLC, 2005 WL 1330937, at *6 ("[P]ublic policy favors settlement, especially in the case of class actions.").

A presumption of fairness arises where the parties can show that the settlement was reached after arms-length negotiations between experienced, capable counsel. *Wal-Mart Stores, Inc.,* 396 F.3d at 116; *Riedel*, 2016 WL 3144375, at *7. "Absent fraud or collusion, [courts] should be hesitant to substitute [their] judgment for that of the parties who negotiated the settlement." *In re EVCI Career Colleges Holding Corp. Sec. Litig.,* No. 05 Civ. 10240(CM), 2007 WL 2230177, at *4; *see also In re Top Tankers, Inc. Sec. Litig.,* No. 06 Civ. 13761, 2008 WL 2944620, at *3 (S.D.N.Y. July 31, 2008).

Courts in the Second Circuit "determine whether the settlement's terms are fair, adequate and reasonable per the factors set forth in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir.

1974)." *Diaz*, 2010 WL 5507912, at *3; *see also Riedel*, 2016 WL 3144375, at *7. The "*Grinnell* factors" include, among others: (1) the plaintiff's range of possible recovery, (2) the extent to which settlement will enable the parties to avoid the burdens and expenses of trial, (3) the seriousness of the litigation risks faced by the parties, (4) the settlement agreement is the product of arms-length bargaining between experienced counsel, and (5) the possibility of fraud or collusion. *Grinnell Corp.*, 495 F.2d at 463.Here, all the *Grinnell* factors that can be examined at this stage demonstrate that the proposed Settlement is fair, adequate and reasonable, and should thus be preliminarily approved.

First, with respect to the Plaintiffs' range of possible recovery, Plaintiffs believe that the value of the Settlement is fair and reasonable given the various challenges facing Plaintiffs. Specifically, based upon the multiple risks continued litigation would entail, and the risk that Plaintiffs and the putative class could recover nothing, Plaintiffs believe the proposed Settlement is fair and reasonable. *See Diaz*, 2010 WL 5507912, at *5 (finding that settlement was within range of reasonableness given various challenges, risks and costs continued litigation would entail); *Lizondro-Garcia*, 300 F.R.D. at 180 (explaining that "the [settlement] award compensates plaintiffs almost immediately and removes the uncertainty that litigation necessarily entails"). Here, Plaintiffs allege that they were not paid their wages within the time required by the Fair Labor Standards Act and the New York Labor Law, and that they were thus entitled to liquidated damages. They also asserted a "spread of hours" claim under the New York Labor Law, with a value equivalent to one hour of pay for each workday. The Settlement allocates 11% of the settlement fund to cover 100% of the back pay associated with the "spread of hours" claim, with the remainder allocated to liquidated damages for the late payments (approximately 25% of the maximum value of a judgment had the case been fully litigated through trial). However,

Defendants' produced Profit and Loss statements and related accounting documents demonstrating that they did not have the ability to withstand judgment for the full amount of liquidated damages, and credibly asserted that their remaining assets were oversees in China and, effectively, judgment-proof due to the near impossibility (of incredible expense) of attempting to collect the judgment internationally.   Thus, this factor weighs in favor of approving the Settlement.

Second, with respect to the extent to which settlement will enable the parties to avoid the burdens and expense of trial, the prosecution of this case would be lengthy and expensive.  If this Settlement is not approved, the parties face an extended and costly battle regarding conditional certification of the claims asserted under the FLSA and class certification of the claims asserted under Rule 23 and New York state law.  The parties would have to conduct additional expensive discovery (including expert discovery) and potentially prepare for a trial that would likely be lengthy and costly. Further, if the parties do not settle the Plaintiffs' claims, it would likely take years and substantial legal fees before reaching final resolution of those claims, including exhaustion of all appeals.  Thus, this factor weighs in favor of approving the Settlement. *See Diaz*, 2010 WL 5507912, at *4 (concluding that this factor weighs in favor of approving the settlement because "[l]itigation through trial would be complex, expensive, and long"); *Riedel*, 2016 WL 3144375, at *7 (noting that settlement would avoid additional expense and delay consequent to motion practice and a fact-intensive trial).

Third, with respect to the risks faced by the parties, litigation—and especially class actions—inherently involve risks.  *In re Painewebber Ltd. P'ships Litig.*, 171 F.R.D. 104, 126 (S.D.N.Y. 1997). While Plaintiffs believe they would be successful in obtaining certification of an FLSA collective or a Rule 23 class on their claims and would prevail on the merits of these claims, Defendants believe otherwise. This indicates that they could certainly mount a strong challenge.

In addition, while Plaintiffs believe they could establish that certain of Defendants' actions were in willful violation of the FLSA and would thus extend the limitations period to three years, Defendants have vigorously challenged such an allegation. Consequently, "the fact-intensive nature of Plaintiffs' claims and Defendants' affirmative defenses presents risk," *Diaz*, 2010 WL 5507912, at *5, whereas, "[t]he settlement eliminates this uncertainty." *Id*. Accordingly, this factor weighs in favor of approving the Settlement.

Fourth, with respect to the Settlement being the product of arms-length bargaining between experienced counsel, as set forth above, the Settlement are the result of protracted, good-faith negotiations between experienced and informed counsel on both sides. In addition, the framework of the Settlement was negotiated at a court conference before Your Honor, during which it was plain that both the Court and Counsel were well-versed in the nuances of wage and hour collective and class actions. Thus, this factor weighs in favor of approving the Settlement.

Fifth, with respect to the possibility of fraud or collusion, the proposed Settlement was not the product of collusive dealings, but, rather, was the result of vigorous litigation and then negotiation by experienced and qualified counsel. Thus, Plaintiffs contend the Settlement was reached as the result of good-faith, arms-length dealings (and there is no evidence or argument to the contrary). Both the Plaintiffs and Defendants are represented by experienced and competent counsel recognized as experts in class-action wage-and-hour litigation. Plaintiffs' Counsel has obtained significant court-approved settlements of similar class action wage and hour cases. *See* MB Decl. at ¶¶ 26-36. Similarly, Defendants were represented here first by Carter Ledyard and then by Ogletree Deakins, each of which have significant experience in wage and hour litigation. *See* https://www.clm.com/practice/employment-law/; *see also* https://ogletree.com/practices-industries/employment-law/

For these reasons, the Plaintiffs believe that the Settlement is a fair and reasonable result and will result in a reasonable payment to each Settlement Class member who becomes a Participating Class Member. The potential individual payments to members of the Settlement Class will be calculated based upon an allocation formula that considers the number of individuals included in the Settlement Class and the number of work weeks applicable to each under the terms of the Settlement, so that fairness in potential payments will result.  Under the Settlement, no Participating Class Member shall receive less than fifty dollars ($50.00). *See* Settlement Agreement section § 3.5.1.5.

The result of the proposed Settlement is also well within the reasonableness standard. Plaintiffs' counsel also believe that the result is appropriate when considering the difficulty and risks of litigating collective and/or class claims that involve allegations of the failure to pay overtime under the FLSA and applicable state laws.  While the parties are in a pre-trial stage in the case, the parties submitted statements during their mediation setting forth substantial analysis relevant to the claims and argued to each other numerous points as to the strengths and weaknesses of each party's position on those claims. The forthright nature of the settlement and mediation process and the back-and-forth between the sides, as well as the views of a respected and experienced Judge (during the parties' settlement conference) as to those strengths and weaknesses, focused the parties on the legal and factual issues presented by the claims, and this Settlement will resolve the legal risks associated with those claims, which the Plaintiffs fully appreciate at this point in the litigation.  *See* MB Decl. at ¶¶ 21-22, 25-26.

Plaintiffs' Counsel and Plaintiffs believe that the Settlement is not only reasonable, but an excellent result given the attendant risks of litigating Plaintiffs' claims and based on the potential recovery.  Specifically, while in Plaintiffs' view the recovery could possibly be greater if the class

were to fully succeed on their claims at trial and survive an appeal, there is of course always the possibility of zero recovery should the Defendants prevail or become insolvent.

Further, according to Plaintiffs' calculations, the average Participating Class Member with claims will receive a pre-tax gross amount that represents the equivalent of one hundred percent (100%) of their alleged lost back wages (for their spread of hours claim) and approximately 25% of their alleged liquidated damages (assuming final approval of Class Counsel's requested Attorneys' Fees and Lawsuit Costs and requested Service Payments). Not surprisingly, Defendants contend that there has been no violation of the FLSA or NYLL, willful or otherwise, and therefore that there is no basis for damages. And the Defendants argued both that: (1) their poor financial position called into question the value of litigating the claims to judgment and (2) that substantially all of their assets were located overseas in China, making judgment collection effectively impossible. Nonetheless, the parties were able to agree to the terms of the Settlement. The value of the Settlement agreed upon herein is consistent with that which is typically recovered in wage and hour actions. *See Manley v. Midan Rest. Inc.*, No. 14 CIV. 1693 (HBP), 2016 WL 1274577, at *9 (S.D.N.Y. Mar. 30, 2016) (holding that, "after deducting the service award, fees for the settlement claims administrator and attorneys' fees and costs, the class members will receive approximately $577,833.33, which is more than 85% of their back wages. This substantial recovery weighs in favor of approving the settlement."). The parties herein were able to agree to the Gross Settlement Amount by taking into account the alleged wage and hour violations as well as the Wage Theft Prevention Act, and other wage claims. Additionally, the methodology agreed to herein, providing all Class Members who do not opt-out with a Settlement Check, assures that the vast majority of the Class will actually recover from the Settlement and any funds not claimed revert to the remaining Class Members for distribution. This differs from a claims-made only

31

process in that here there is a strong likelihood that most of the Class Members will receive compensation for their alleged late pay and lost spread-of-hours pay and the entire settlement fund will be distributed.  Accordingly, the standards for preliminary approval of the Settlement are met in this case and the Court should grant the present motion.

D    **The Proposed Form of Notice Satisfies Due Process**

Under FED. R. CIV. P. 23(e), settlement class members are entitled to notice of any proposed settlement before it is ultimately approved by the Court.  Similarly, pursuant to Section § 216(b) of the FLSA, settlement-class members are entitled to notice to afford them with an adequate opportunity to opt-in to an action or settlement. 29 U.S.C. § 216(b).

A settlement notice must "fairly apprise the prospective members of the class of the terms of the proposed settlement and of the options that are open to them in connection with the proceedings." *Weinberger v. Kendrick*, 698 F.2d 61, 70 (2d Cir.1982).  It must also be "understood by the average class member." *Wal-Mart*, 396 F.3d at 114 (internal citations omitted).

Here, the proposed Notice Form provides clear and accurate information as to the nature and principal terms of the Settlement, including the approximate amount of monetary relief the Settlement will provide members of the Settlement Class should they become a Participating Class Member (as well as an explanation of the method for allocating the settlement funds to Class Members and of the claims process), the procedures and deadlines for opting-in and submitting a Claim Form, the process for opting-out of the Rule 23 Settlement Class, how to submit objections, and the consequences of taking or foregoing the various options available to members of the Settlement Class.  The Notice Form also provides details on the date, time and place of the final approval hearing.  *See* MANUAL FOURTH at § 21.312. Pursuant to FED. R. CIV. P. 23(h).  The proposed Notice Form also sets forth the maximum amount of Attorneys' Fees and Lawsuit Costs which may be sought by Class Counsel.

The parties have agreed in the Settlement that the Notice Forms and Claim Forms will be sent via first class U.S. Mail to the last known addresses of members of the Settlement Class based on the Defendants' payroll and personnel records.  *See* Settlement § 2.4.3

If a Notice Form is returned by the post office as undeliverable, the Claims Administrator will perform a skip trace search.  The Claims Administrator will then promptly re-mail the Notice Forms to Settlement Class members for whom a Notice Form was returned and a new address is found.  Accordingly, the proposed form of notice complies with the Second Circuit's standard of "reasonableness" required of a settlement-class notice disseminated under authority of the Court. *Wal-Mart*, 396 F.3d at 113-14.

### E  <u>The Attorneys' Fees and Costs Should be Preliminarily Approved</u>

"Under the common fund doctrine, attorneys who create a fund for the benefit of a class of plaintiffs are entitled to reasonable compensation from that fund." *Victor v. Argent Classic Convertible Arbitrage Fund L.P.*, 623 F.3d 82, 84 (2d Cir. 2010).  An attorneys' fee award of one-third of the fund "is the customary percentage in FLSA cases." *Garcia v. Atlantico Bakery Corp.*, No. 13 CIV. 1904 (JCF), 2016 WL 3636659 (S.D.N.Y. June 29, 2016) (collecting cases); *see also Clem v. Keybank, N.A.*, No. 13 CIV. 789 JCF, 2014 WL 2895918, at *9 (S.D.N.Y. June 20, 2014) ("Class Counsel's request for 33% of the [$3,500,000] fund is reasonable and consistent with the norms of class litigation in this circuit.") (internal quotations and citations omitted).

Although a Court may use the lodestar calculation to calculate fees in a common fund case, the trend in the Second Circuit in class action cases is to apply the percentage method because it "directly aligns the interests of the class and its counsel and provides a powerful incentive for the efficient prosecution and early resolution of litigation." *Wal-Mart*, 396 F.3d at 121 (internal citations and quotations omitted); *see also Viafara v. MCIZ Corp.*, 2014 WL 1777438, at *9 (S.D.N.Y. May 1, 2014) (explaining that in wage and hour class action lawsuits, public policy

favors using a percentage of the common fund to calculate the attorneys' fees); *Clem*, 2014 WL 2895918, at *9 (same).

Fee awards in wage and hour cases are meant to "encourage members of the bar to provide legal services to those whose wage claims might otherwise be too small to justify the retention of able, legal counsel." *Sand v. Greenberg,* No. 08 Civ. 7840(PAC), 2010 WL 69359, at *3 (S.D.N.Y. Jan. 7, 2010). Moreover, the FLSA and state wage and hour statutes are remedial statutes, the purposes of which are served by adequately compensating attorneys who protect wage and hour rights. *Sand,* 2010 WL 69359, at *3; *Clem*, 2014 WL 2895918, at *8.

Plaintiffs' Counsel will fully brief the issue of fees in its application to the Court at the time of the application for Final Approval of the Settlement. (*See* MB Decl. ¶ 26)

F       **The Service Payments Should be Preliminarily Approved**

Service awards are common in class action cases and serve to "compensate plaintiffs for the time and effort expended in assisting the prosecution of the litigation, the risks incurred by becoming and continuing as a litigant, and any other burdens sustained by the plaintiff[s]." *Yuzary v. HSBC Bank USA, N.A.*, No. 12 Civ. 3693(PGG), 2013 WL 5492998, at *12 (quoting *McMahon v. Olivier Cheng Catering and Events, LLC*, No. 08 Civ. 8713 (PGG), 2010 WL 2399328, at *9 (S.D.N.Y. March 3, 2010) (internal quotation marks omitted). "Service awards fulfill the important purpose of compensating plaintiffs for the time they spend and the risks they take." *Yuzary*, 2013 WL 5492998, at *12 (citing *Massiah v. MetroPlus Health Plan, Inc.*, No. 11 Civ. 5669, 2012 WL 5874655, at *8 (E.D.N.Y. Nov. 20, 2012)).

Here, the Service Payments under the Settlement further both purposes. First, the Named Plaintiffs have done more than merely agree to have their names added to the caption in this case. Named Plaintiffs met with counsel, provided and reviewed documents, participated in forming the theory of the case, participated in discovery, sat for depositions and attended mediations and a

settlement conference.    Second, Named Plaintiffs undertook this role without regard to the possibility of any risk of retaliation.

For these reasons, Plaintiffs will request reasonable Service Payments for the Named Plaintiffs as Class Representatives, which will be set forth in the Final Approval Motion. Additionally, as Defendants are seeking a General Release from the Named Plaintiffs there is also an allocation of $1,000 as consideration for those releases. In light of the time that has passed since their employment and applicable statutes of limitations as to any potential claims, Named Plaintiffs believe this is a fair resolution for general releases.

### G    A Final Approval Hearing Should be Scheduled

The Court should schedule a final approval hearing to determine whether final approval of the Settlement is proper.    The final approval hearing will provide a forum to explain, describe or challenge the terms and conditions of the Settlement, including fairness, adequacy and reasonableness of the Settlement.

At that time, Plaintiffs' Counsel will present their final application for their fees pursuant to Rule 23(h) as well as for the proposed Service Payments to the Named Plaintiffs as Class Representatives and final payment to the Claims Administrator.    Accordingly, Plaintiffs request that the Court schedule the final approval hearing for no earlier than one-hundred eighty five (185) calendar days from the Preliminary Approval Order, as required by 28 U.S.C. 1715(d).

## V.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court enter the proposed Preliminary Approval Order, attached as Exhibit 2 to the MB Decl., which, *inter alia*: (1) asserts jurisdiction over the claims alleged, the parties in this action, and the implementation and administration of the Settlement; (2) approves notice of the Settlement set forth in the Settlement as the Settlement falls within the range of reasonableness, and may be adjudicated to be fair,

reasonable, and adequate within the meaning of Fed. R. Civ. P. 23 and the Class Action Fairness Act of 2005 ("CAFA"), upon final consideration thereof at the Final Approval Hearing; (3) conditionally certifies the proposed FLSA Collective Class pursuant to Section 16(b) of the FLSA and conditionally certifies the Rule 23 Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure, for settlement purposes only, as described above; (4) appoints the Named Plaintiffs as Class Representatives who, together with Class Counsel, shall be authorized to act on behalf of all members of the Settlement Class with respect to the claims asserted in the Class and Collective Litigation; (5) approves, as to form and content, the Notice Form, Claim Form, and Reminder Notice attached as Exhibits A-C to the Settlement and authorizes the first-class mailing of the Notice Forms and Claim Forms to all members of the Settlement Class; (6) appoints Valli Kane & Vagnini LLP and Rissmiller PLLC as Class Counsel for the Settlement Class pursuant to Section 216(b) of the FLSA and Federal Rule of Civil Procedure 23; (7) approves and appoints ILYM Group Inc. as the third-party Claims Administrator who will administrate this Settlement; (8) sets a eighty (80) calendar day deadline (sixty (60) days from the date Notice Forms and Claim Forms are postmarked to members of the Settlement Class or up to eighty (80) days for those who had Notice re-mailed) for the execution and return of fully completed Claim Forms and/or requests for exclusion, (9) sets a fifty (50) days for objections (thirty (30) days from the date Notice Forms and Claim Forms are postmarked to members of the Settlement Class or up to fifty (50) days for those who had Notice re-mailed); (10) approves the sending of a Reminder Notice prior to the end of the Claim Period to members of the Settlement Class who have not filed a Claim Form as of that date; and (11) sets the final approval hearing for a date no earlier than one hundred eighty five (185) calendar days after preliminary approval is granted by this Court.

Dated: November 6, 2024

Respectfully submitted,

*/s/Matthew L. Berman*

**VALLI KANE & VAGNINI LLP**
Matthew K. Berman
Robert J. Valli, Jr.
600 Old Country Road, Suite 519
Garden City, NY 11530
Telephone: (516) 203-7180

**RISSMILLER PLLC**
Alex Rissmiller
5 Pennsylvania Plaza, 19th Floor
New York, NY 10001
Telephone: (646_ 664-1412

*Attorneys for Plaintiffs*

cc: All Counsel of Record via ECF