**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| |
|---|
| KAIYUN LIANG and XIAOHAO FANG, individually and on behalf of all others similarly situated, <br><br>                Plaintiffs, <br>       v. <br><br> USA QR CULTURE INDUSTRY DEVELOPMENT, LLC, d/b/a HUTAOLI MUSIC RESTAURANT & BAR, WEI YU, and "JANE" YU, <br><br>                Defendants. |

Case No. 22-cv- 4841 (PGG)(RWL)

<u>**DECLARATION OF MATTHEW L. BERMAN IN SUPPORT OF
PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT**</u>

I, Matthew L. Berman, declare upon personal knowledge and under penalty of perjury that the following is true and correct:

1.     I am an attorney at law, admitted to the bar of the State of New York and admitted before the United States District Court for the Southern District of New York.

2.     I am a partner at my firm, Valli Kane & Vagnini LLP ("VKV"), and along with Alex Rissmiller, Esq. of the law firm Rissmiller PLLC, am co-counsel for the Plaintiffs in this action.

3.     I am familiar with the facts and circumstances set forth herein, and I make this Declaration in support of Plaintiffs' Motion for Preliminary Approval of Settlement.

4.     Mr. Rissmiller contacted me on or about February 14, 2022 about representing hourly workers in a wage and hour case against Defendants. After several conversations with Mr. Rissmiller and Ms. Kaiyun Liang and Mr. Xiao Fang, servers working at Defendants' restaurant,

Rissmiller PLLC and VKK began investigating possible wage and hour claims based on Defendants alleged failure to pay plaintiffs in full within the time allowed by the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") as well as related claims under the New York Wage Theft Prevention Act ("WTPA") and the New York Codes, Rules and Regulations ("NYCRR").

5.      Our investigation included looking into plaintiffs job duties and requirements, work schedules, hours worked, payment records and communications, and defendants' policies and practices related to hours, payments, and paystubs.

6.      As part of our pre-filing investigation, we also reviewed numerous documents provided to us by plaintiffs, and public information about Defendants and their businesses, including information maintained by the New York Department of State.

7.      Mr. Rissmiller and I drafted the complaint based on all the factual and legal information that we had gathered and frequently reached out to Ms. Liang and Mr. Fang when we needed additional information for the complaint. Prior to filing the case, we also provided both Ms. Liang and Mr. Fang with copies to review for accuracy and to provide feedback. Both Ms. Liang and Mr. Fang were very responsive to all of our inquiries and very helpful.  They each remained active in all aspects of the case as it continued.

8.      Mr. Rissmiller and I finalized the complaint, which was filed on June 9, 2022. Shortly thereafter, the case was referred to Magistrate Judge Robert W. Lehrburger.

9.      Under the Court's Pilot Program, the parties were referred to mediation with neutral Marc A. Schwartz, Esq.  In advance of the mediation, Mr. Rissmiller and I voluntarily produced records to Defendants' counsel for use in the mediation, and submitted a mediation statement ahead of the session, which took place on September 19, 2022.

10.    The mediation did not immediately succeed in resolving the case, despite the good faith efforts of all of the parties and the neutral.  Negotiations nevertheless continued directly between the parties (with updates to the mediator) after the mediation concluded, and the parties exchanged additional voluntary disclosures related to payroll records and the financial condition of Defendants' business.  This continued until November 1, 2022, when the mediator determined that the parties had reached an impasse.

11.    On December 1, 2022, Defendants substituted new counsel into the case, and the parties continued their dialogue, ultimately agreeing, on March 14, 2023, to engage in additional mediation efforts.  The parties agreed to engage in a second mediation through JAMS with mediator Steven Sonnenberg.

12.    The parties and mediator Sonnenberg conducted a pre-mediation call on May 5, 2023, and engaged in additional voluntary disclosures of net payroll records and then gross payroll records.

13.    Plaintiffs submitted their mediation statement on May 9, 2023.

14.    The parties attended JAMS' mediation facility on May 10, 2023.

15.    During the mediation session, the parties vigorously debated the size and scope of the claims, the likelihood of the claims' success on the merits, the manner in which potential damages associated with plaintiffs' claims could be calculated and collected (e.g. on the basis of gross wages or net wages), and whether liquidated damages were available.

16.    In addition, during the mediation, we researched and prepared several analyses of key legal issues that we provided to the mediator on topics such as Defendants' ability to pay, the totality of damages, the availability of liquidated damages, and Defendants' burden with respect to defending against those damages.

17.     Unfortunately, the second mediation did not lead to resolution of the case.  As a result, Plaintiffs sought discovery and depositions, and Defendants filed a motion to dismiss (Dkt Nos. 43, 44) regarding Counts two, three, and four arising respectively under NYLL §§ 191 (frequency of payment), 195(1)(a) requiring wage notices), and 195(3) (requiring wage statements).

18.     Plaintiffs opposed the motion.  On November 14, 2023, Judge Lehrburger issued a Report and Recommendation (Dkt 63) which recommended that Defendants' motion to dismiss be denied with respect to NYLL § 191 and granted, with leave to amend, with respect to NYLL §§195(1)(a) and 195(3).  District Judge Paul G. Gardephe (Dkt No. 66) adopted the Report and Recommendation in its entirety.

19.     Plaintiffs sought leave to amend the complaint on December 8, 2023 (Dkt 67), attaching a proposed pleading, which the Court granted (Dkt 68) and accepted (Dkt 69). Defendants filed their answer on December 28, 2023 (Dkt 71).

20.     While briefing on the Motion to Dismiss was pending, Plaintiffs filed a letter motion seeking to compel Defendants to provide responses to Plaintiffs discovery demands (Dkt 56), which was granted on August 21, 2023 (Dkt 59).  Plaintiffs Liang and Fang were each deposed.

21.     On February 27, 2024, the Court held a Settlement Conference which, despite the two prior failed mediations, successfully resulted in an agreement in principle (Dkt 77).

22.     From February 27, 2024 to present, the parties exchanged many communications and drafts of the settlement agreement and of the instant motion for preliminary approval, its exhibits (i.e., class notices), this declaration, and other supporting paperwork.

23.    The settlement negotiations consumed over seven months.  Initially, we provided a first draft of the settlement agreement to Defendants' counsel.  Ultimately, that was unsatisfactory to Defendants, who provided their own competing initial draft.  The parties engaged in protracted negotiations over nearly all of the material terms of the settlement agreement, including when it would be funded, how it would be administered, the timing and content of class notices, the scope of the related releases, mitigation of tax risks, service payments to the named plaintiffs, whether unclaimed proceeds would revert to defendants or would be distributed to participating class members, proposed class counsel's ability to engage in public discussions about the settlement, among others.  The negotiations, while always cordial and professional, were conducted at arm's length.

24.    Starting in early September 2024, the parties graduated from drafting a settlement agreement to exchanging drafts of the related settlement documents.  The parties finalized those papers on or about October 28, 2024 when the lawyers agreed to settle the Plaintiffs' claims on the terms set forth in the Settlement Agreement, subject to the Court's approval. It was fully signed on November 4, 2024.

25.    The gross settlement amount negotiated between the Parties and presented to the Court for approval is $582,500.00. From that, if approved by the Court we anticipate the following payments will be made: (a) attorneys' fees and costs of approximately $194,166.00 will be paid based on 1/3 of the gross settlement amount in attorneys' fees and expenses, (b) Service Awards to the two named plaintiffs of $5,000 each for a total of $10,000, (c) Settlement Administrator fees and costs to ILYM Group, Inc. of no more than $10,000 (as of now they have provided a non-binding estimate in the amount of $6,734.40) and (d) each of the individual named plaintiffs will also receive an additional $1,000 as consideration for executing a general release of their individual

claims.  The release applicable to Class Members is limited to their wage and hour claims, is not a general release, and allows them to discuss the facts underlying their claims.  Accordingly, VKV and Rissmiller PLLC believe that in light of all known facts and circumstances, including the significant risks and delays of litigation, Defendants' finances, difficulty of enforcing judgment against Defendants whose assets are primarily located in China, and factoring in pre-trial and appellate risks, that a resolution of the claims at this stage greatly inures to the benefit of Plaintiffs.

26.     VKV and Rissmiller PLLC have worked on this case for more than two years, advancing all expenses, without any reimbursement or compensation. By the time Class Counsel's duties under the settlement are concluded, each of our two firms will have devoted over three years to the litigation. We intend to provide a robust fee application in connection with the motion for Final Approval of the Settlement.  VKV and Rissmiller PLLC adequately perform the role of Class and Collective counsel, as set forth in further detail below.

27.     My partner at VKV, Robert J. Valli, Jr. and myself, along with our co-counsel in this matter (Alex Rissmiller of Rissmiller PLLC), represent Plaintiffs in this matter.

28.     Mr. Valli is a founding partner at VKV with over thirty-three (33) years of litigation experience.  He graduated from St. John's University in 1987 and St. John's University School of Law in 1990. Following his graduation from law school in 1990, he served as an Assistant District Attorney ("ADA") with the Office of the Queens County District Attorney.  During his tenure as an ADA, he served in the Intake Bureau, Criminal Court Bureau, Appeals Bureau, Homicide Investigations Bureau and the Supreme Court Trial Bureau. In the approximately seven (7) years working as an ADA, he conducted hundreds of evidentiary hearings, investigated numerous homicides, tried numerous misdemeanor cases, prosecuted hundreds of felonies and tried more than twenty (20) felony cases to verdict.  He represented the Office of the District Attorney on

more than twenty (20) appeals at the Appellate Division, Second Department, and was co-lead counsel representing the Queens District Attorney's Office in the investigation, prosecution and eventual homicide conviction of an FBI-profiled sexually sadistic serial killer.

29.    In 1997, Mr. Valli joined Leeds & Morelli, Esqs., the predecessor firm to Leeds Brown P.C., and began practicing in the field of civil rights/employment discrimination law.  With that firm, he was responsible for a large portion of the litigation and successfully tried various civil rights cases in both Federal and State Court.

30.    Presently, he is involved in the majority of the litigation at VKV. Below are examples of the cases where Mr. Valli served as lead or co-lead trial counsel.

- *Collins v. Suffolk County Police Department*, et al., 01-CV-4194 (E.D.N.Y.).

- *D'Annunzio v. Ayhan, et al*. 11-cv-3303 (E.D.N.Y.)

- *Gunning v. Village of East Rockaway, et al.*, 96-CV-2076 (E.D.N.Y.)

- *Jattan v. Queens College*, (12367/95) (Queens Supreme Court)

- *Raghavendra v. The Robert Plan Corporation, et al.*, 96 CV 667 (E.D.N.Y.)

- *Smith, et. al v. New York City, et. al*. 101618/2017, (Article 78 Evidentiary Hearing)

- *Sommer, et al. v. Aronow, et al.*, 95-CV-9230 (S.D.N.Y.)[1]

- *Weeks v. Suffolk County Police Department, et al*., 03-CV-4294 (E.D.N.Y.)

- *Zagaja v. Village of Freeport* - Dkt No. 21-EEOC-0002, (EEOC GERA hearing)

31.    In addition to the above, Mr. Valli has been lead counsel on many other civil trials and proceedings that did not proceed to verdict or decision.

---

[1] This trial involved contract claims and therefore there was no "prevailing party" as that term is used in the context of a discrimination action.

32.     I, Matthew L. Berman, have been a VKV Partner since 2018, after I joined the firm as a senior associate in the fall of 2015.  I graduated with a B.A. degree from Bucknell University in 1994 and with a Juris Doctor degree from Fordham University School of Law ("Fordham") in 1999.  During my tenure at Fordham, I was a Notes & Articles Editor of the *Fordham University Environmental Law Journal*.  I served as a judicial intern to the Honorable Denny Chin (former United States District Judge for the Southern District of New York, and currently a Judge of the United States Court of Appeals for the Second Circuit), as an intern to the Nassau County District Attorney's Enterprise Crime Bureau, and as a member of the Unemployment Action Center clinic.

33.     I am a member of the New York bar.  Additionally, I am admitted to practice in the U.S District Court for the Southern District of New York, the U.S. District Court for the Eastern District of New York, and the U.S. Court of Appeals for the Second Circuit.

34.     I have been practicing employment and commercial litigation for over twenty-five years.  During that time, I have represented individual plaintiffs and class members throughout the United States, including for example working with other VKV partners on *Hines v. C.B.S. Corp., et al.,* 1:15-cv-07882 (S.D.N.Y.), which was one of the top settlements within the state of New York during the year 2018 according to the Top Verdict report.[2]  Prior to joining VKV, I worked at Bernstein Litowitz Berger & Grossmann LLP, one of the nation's preeminent plaintiffs' class action firms, and helped clients achieve recoveries worth hundreds of millions of dollars.  Some examples of cases I worked on while there include:

> a.  In a series of lawsuits brought pursuant to the Equal Credit Opportunity Act, including *Casson v. Nissan Motor Acceptance Corp.*, 3:98-cv-00223 (M.D. Tenn. 1998); *Jones v. Ford Motor Credit Company,* 00-cv-08330 (S.D.N.Y. 2000)*,*

---

[2] https://topverdict.com/lists/2018/new-york/50-settlements

*Baltimore v. Toyota Motor Credit Corp.,* 00-cv-8415 (S.D.N.Y. 2001)*,* and *Coleman v. General Motors Acceptance Corp.,* 3:98-cv-00211 (M.D. Tenn. 1998)*,* I represented consumers asserting that automobile lenders implemented a racially discriminatory lending program.  These cases resulted in settlements valued at over $100 million dollars and transformed automobile financing practices across the industry.

b. In *In re Merck Vioxx Securities Litigation,* 05-cv-1151/05-cv-2367 (D.N.J. 2005)*,* I represented investors in a suit alleging that Merck failed to disclose adverse facts regarding Vioxx's cardiovascular risks.  On January 30, 2013, after appeals all the way up to the United States Supreme Court, and certification as a class action, the case settled for an amount in excess of $830 million.

35.    During my years in private practice, I have also engaged in substantial *pro bono* activities including representing, *pro bono,* witnesses in employment discrimination lawsuits and in connection with obtaining unemployment insurance benefits.

36.    Alex Rissmiller is a 2015 graduate of NYU School of Law.  Since becoming licensed, his practice has been primarily devoted to employment litigation.  He represented both employers and employees in a wide variety of employment cases as an associate at Liddle & Robinson, L.L.P. and Klein Zelman Rothermel Jacobs & Schess LLP before founding Rissmiller PLLC in 2021, which currently represents employees in over 25 employment matters pending in state and federal courts, arbitrations, and administrative proceedings before the U.S. Equal Employment Opportunity Commission.  In 2022, 2023, and 2024, he was selected by his peers as a Super Lawyer, Rising Star in Plaintiff-Side Employment Litigation.  Some of the wage and hour matters in which he has been counsel for employees include:

- *Muia v. Home Depot U.S.A., Inc.*, No. 24-cv-5912 (E.D.N.Y. 2024)

- *Johnson v. Renew, LLC et al*., No. 24-cv-2420 (S.D.N.Y. 2024)

- *Klasfeld v. The Woods PR Inc. et al*., No. 155263/2022 (Sup Ct, NY County 2022)

- *Mohamed v. Almarwa Center Inc. et al*., No. 531812/2021 (Sup Ct, Kings County 2021)

- *Mercado v. Harlem Needle Arts, Inc. et al.*, No. 160801/2021 (Sup Ct, NY County 2021)

Pursuant to 28 U.S.C. § 1746(2), I declare under penalty of perjury that the foregoing is true and correct.

| _____November 6, 2024_____ | _____/s/ Matthew L. Berman\_\_\_\_\_ |
|:---:|:---:|
| Date | Matthew L. Berman |